ILLINOIS AND ST. LOUIS RAILROAD AND COAL COMPANY

v.

FRIDOLIN DECKER.

1. TRESPASS—MEASURE OF DAMAGES—LOSS OF PROFITS.—In actions of tort, where the amount of profits of which the injured party is deprived as a legitimate result of the trespass, can be shown with reasonable certainty, such profits, to that extent, constitute a safe measure of damages, and so far as they are plainly traceable he should receive compensation for them; but such damages must be the necessary and natural consequence of the act. Profits which are merely probable and speculative cannot be recovered.

2. PROSPECTIVE PROFITS AS DAMAGES—RULE IN ESTIMATING.—Where it is sought to recover for the loss of profits in any trade or business, the evidence must afford the jury some data from which they can with reasonable certainty determine the loss of profits. No fixed, certain guide for estimating such damages can be established.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KOERNER & TURNER, for appellant; contending that trespass is the remedy for injuries, committed by force, cited 1

Chitty's Pl. 143; 1 Waterman on Trespass, 1; 3 Blackstone's Com. 123.

Damages of a speculative character cannot be recovered: Green v. Williams, 45 Ill. 206; Cilley v. Hawkins, 48 Ill. 308; Olmstead v. Burk, 25 Ill. 86; Williams v. Chicago Coal Co. 60 Ill. 149.

Mr. JAMES M. DILL and Mr. W. C. KUEFFNER, for appellee; that a recovery can be had for probable profits, cited Chapman v. Kirby, 49 Ill. 219; Benton v. Fay, 64 Ill. 422.

An erroneous instruction is not ground for a reversal if the evidence shows that the verdict was right. Hall v. Sroufe, 52 Ill. 421; 49 Ill. 451; 56 Ill. 22.

The trespass was willful and the jury were warranted in giving punitive damages. Johnson v. Kamp, 51 Ill. 220.

TANNER, P. J. The appellee brought an action of trespass in the St. Clair Circuit Court, and averred in his declaration that he leased from the appellant a certain house situated on the bank of the Mississippi river for the period of one year, beginning on the 1st day of April, 1876, for the sum of $600. That the appellant reserved from the lease two rooms of the house for passenger rooms. That he took possession of the house in accordance with the terms of the lease, and put therein a lot of furniture, saloon fixtures, wines and liquors, of the aggregate value of $1,000, and kept a saloon until the committing of the grievances alleged. That on the 10th day of April, 1876, and until the institution of the suit, the appellant was the owner of a steam ferry-boat on the river aforesaid; and that on that day, with force of arms, drove and propelled said boat against the house of appellee with great force and violence, and thereby caused said house to fall into said river; by which his property was lost and destroyed and his business broken up. That at the time his profits amounted to $200 per month, and would have been worth that sum per month until the end of his lease. To this declaration the plea of not guilty was interposed, issue joined thereon, the cause submitted to a jury, and a verdict returned in these words: "We, the jury,

Ill. and St. L. R. R. & Coal Co. v. Decker.

find for the plaintiff, and assess his damages for his loss of property and his loss of profits for the unexpired term of his lease, at $700."

The appellant moved the court for a new trial. The motion was overruled and judgment rendered against him for the amount of the verdict, and the case is brought to this court by appeal.

The errors assigned are:

1. The admission of improper testimony in behalf of appellee.

2. The exclusion of proper testimony offered on the part of the appellant.

3. The giving of improper instructions to the jury in behalf of the appellee.

4. The refusal to give instructions asked by the appellant.

We think an examination of the first and third alleged errors will dispose of the cause.

The appellee was introduced as a witness, and after he had testified that he leased the building from appellant for one year at fifty dollars per month; that he took possession according to contract on the 1st day of April, 1876, and kept a saloon for the sale of liquors in the house until the 5th of May, following, and the value of liquors and other property destroyed by the alleged tortious acts of appellant, he was asked: "What were your profits, as far as you had gone, per month, clear from all expenses?" he replied that he made about $75 the first month. To this question and the answer the appellants made objections, but the court overruled the objections and permitted the testimony to go to the jury.

The latter clause of the first instruction given on the part of the appellee is as follows: "And the jury may allow such further sum as they believe from the evidence the plaintiff would probably have realized as profits from said business during the remainder of the term."

From a careful consideration of the doctrine upon which this evidence was conceived to be admissible, we have not been able to coincide with the Circuit Court. The rule as laid down in Chandler v. Allison, 10 Mich. 460, seems now to be well

established, and is so well expressed that we adopt the language of the court: "It may now be assued to be the general rule that in actions of tort, where the amount of profits of which the injured party is deprived as a legitimate result of the trespass can be shown with reasonable certainty, such profits to that extent constitute a safe measure of damages, and so far as it is plainly traceable he should make compensation for it. To this extent the recovery of a sum equal to the profit lost, while plainly within the principle of compensation, is also within the limits which excludes remote consequences from the scale in which the wrong is weighed."

The Supreme Court of our own State, in Green v. Williams, 45 Ill. 206, which was an action for breach of covenant, brought by a lessee against a lessor, the court remarks: "The plaintiff is entitled to recover all expenses necessarily incurred by her in consequence of the defendant's refusal to give possession; but she is not entitled to profits that she might have made by conducting her business on the demised premises; such damages are remote, speculative, and incapable of ascertainment. The case of Cilley v. Hawkins, 48 Ill. 308, was very similar to this, and the same rule was there announced. The case of Benton v. Fay & Co. 64 Ill. 417, was an action for a breach of contract by the non-delivery of mill machinery which occasioned the mill to remain idle. The court, in awarding a new trial, directed the Circuit Court to receive no evidence, on another trial, of probable profits, as they would be purely speculative. The case of Chapman v. Kirby, 49 Ill. 24, relied on to justify the rulings of the court in the case at bar, was an action on the case brought to recover damages for the wrongful withdrawal of steam power from the machinery of the plaintiff. The use of the power was to be continued by the contract for five years, and it had been enjoyed for three years when the wrong complained of was done; on the trial the court instructed the jury "that, if they found for the plaintiff, in estimating his damages they could consider the nature and extent of his business at the time the power was withdrawn, the amount of business he had done during the six months previous." This instruction was approved by the Supreme Court, in the following language:

Ill. and St. L. R. R. & Coal Co. v. Decker.

"This was an action on the case, and not on contract. In all actions of tort, the amount of damages sustained, and in case, all of the consequential damages sustained, connected with or flowing from the act complained of by the plaintiff. But the damages must be the necessary and natural consequence of the act. They must be real, and not merely speculative or probable. And of what does this loss consist but of the profits that would have been made had the act not been performed by appellants? and to measure such damages the jury must have some basis for an estimate, and what more reasonable than to take the profits for a reasonable period next preceding the time when the injury was inflicted?"

From the rule as established by the authorities above cited we reach the conclusion that while in actions of tort the plaintiff is entitled to recover for all damages suffered, yet where it is sought to recover for the loss of profits in any trade or business, the evidence must afford the jury some data from which they can with reasonable certainty determine the loss of profits. The rules of law do not, and perhaps cannot fix any certain guide for the estimate of such damages; and hence the courts can but at best approximate a correct standard. The most reliable authorities agree with our court in Chapman v. Kirby, that a recovery cannot be had for profits which are merely probable or speculative.

The question then arises: When are profits probable or speculative, and at what point, or more accurately speaking, upon what character of evidence do they lose the quality of being probable and speculative, and become sufficiently certain to constitute a basis upon which they can be calculated? In Chapman v. Kirby, the owners of the planing mill had been in the use of the steam power and engaged in their trade and business over three years; and this we think ample time to establish a settled course of business, from which they, plaintiffs, could very readily establish, by proof, a reasonably certain measure of profits, by the month or by the year. The court, in order to arrive at the prospective profits, instructed the jury that to determine this they might take into consideration the extent of the plaintiff's business for six months next preceding the

commission of the injury. This ruling of the court was without doubt sound, both upon the authority of well adjudicated cases, and upon reason. In the case at bar the appellee was engaged in keeping a liquor saloon. The lease was to continue for twelve months, and the appellee enjoyed it for one month, and for this period of time his profits were about $75. From the profits of one month—one-twelfth part of the time—the jury were told, by the admission of this testimony, they might calculate profits for the eleven succeeding months. Distinct periods of time are not and cannot be taken, in this case, by which comparisons can be made.

A month is adopted as a standard where but one has elapsed. Certainly this could not be adopted as a measure which could with reasonable certainty guide the jury in the calculation of profits. The law, while being administered by the courts for the redress of wrongs, must not be made an instrument for the infliction of wrong. While tort feasors should be made to respond in damages to the full extent of their wrongs, some reasonable standard must, at least, be approximated for their ascertainment. They ought not to rest merely in conjecture and probability. Any rule less accurate than this would convert the law into an engine of wrong and oppression.

The testimony in regard to profits should not have gone to the jury.

The next assignment of error which we shall notice is the giving of the instruction in reference to probable profits. The jury were told that in assessing damages they could take into consideration such profits as the appellee would have probably realized from his business if he had been permitted to carry it on to the extent of his lease.

This instruction sent the jury into the fields of conjecture and speculation to determine the amount of damages they should give appellee. This rule has not only no warrant in law, but is in direct antagonism with both the text-writers and the adjudications of our own Supreme Court. Sedg. on Dam. 82; Shear. and Redf. on Neg. sec. 599; Chapman v. Kirby, *supra;* I. B. & W. R. R. Co. v. Barney, 71 Ill. 391. But, should we be considered as trenching upon the rights of the jury in holding

that the Circuit Court erred in admitting the testimony in reference to profits, still it is clear that the cause must be reversed for this instruction given to the jury.

The judgment of the Circuit Court must be reversed and the cause remanded.

Reversed and remanded.