**Ellen Rich, et al., v. John D. Mulloney, administrator.**

**Gen. No. 12,410.**

1. RECEIVER—*when appointment of, erroneous.* The appointment of a receiver and the taking away through him of the control of an old and established business from the hands of a trustee who has had an active interest therein for years and who was acting under the direction of a court of chancery, without a showing of cause therefor, and without the consent of the majority interest in the trust, is improper and erroneous.

Appeal from ' interlocutory order appointing receiver. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed. Opinion filed July 11, 1905.

**Statement by the Court.** This is an appeal from an inter-locutory order appointing a receiver.

Appellant, who is administrator of the estate of Ellen P. Rich, deceased, and of her brother, George F. Rich, also deceased, filed a bill alleging that he is acting as such ad-ministrator by appointment of the Probate Court of Suffolk county, Massachusetts, and reciting that Elisha B. Rich of Chicago, who died testate on or about November 22, 1897, left a will which was probated in Cook county, Illi-nois, where the estate was settled and closed in the Probate Court November 30, 1900.　Said Elisha left as his heirs his widow, Ellen F. Rich, and George F. Rich, his son, both since deceased, also a son, Edward W. Rich, and a daughter, Della C. Ricker.　By the will of the father, Elisha B. Rich, of Chicago, as the bill alleges, all the property was given to the widow and the three children in equal parts, except the property used in and constituting the business of the firm of E. B. Rich & Son.　The will disposed of this property as follows:　"After the payment of said funeral expenses and debts I desire and direct that the business of manufacturing and selling saw sharpeners, which has heretofore been car-ried on under the name of E. B. Rich & Son, be continued under the management and provision of　.　.　.　.　. and my son, Edward W. Rich, or the survivor of them; and the salary of Edward W. Rich shall be $30 per week so long as he shall serve in such capacity."

By a codicil bearing the same date as the will, it is pro-vided as follows:　"It is my desire that the business of E. B. Rich & Son shall continue about as it has for the past five or six years, and that Edward D. Green shall in case of my death act for me in all things pertaining to said business, and I hereby appoint said Edward D. Green as my said trustee for the said business, and shall pay quarterly to my wife during her lifetime a sum equal to 30 per cent of the net profits of the business, her interest to revert to my son Edward W. Rich at her death."

The bill shows that when the estate of Elisha B. Rich was closed in the Probate Court of Cook county, the ex-

ecutors turned the property and effects used in the business, and all open accounts over to said Green as trustee, who conducted the business until March 25, 1903, when he filed his bill in the Circuit Court of Cook county asking to resign and praying that Ellen P. Rich (the wife of Edward W. Rich) be appointed trustee as his successor in trust, which was done. It is stated that to this bill none of the beneficiaries of the will of Elisha were made parties except Edward W. Rich.

It appears that the widow, Ellen F. Rich, died in Boston November 18, 1902, and the son, George F. Rich, died at the same place February 4, 1903, both intestate.

It is charged that said Ellen Rich as trustee has not attended in person to the business, and that the volume of the business has since her appointment been decreasing; that complainants and Edward W. Rich are joint owners of the said property and business, and that complainants are desirous of having the trust terminated and the assets sold and profits divided; that the will and codicil of Elisha B. Rich are claimed to be ambiguous and uncertain, and that such claim has occasioned embarrassment. It is charged that complainants have applied to said trustees for an accounting, but said request has not been complied with; that said Ellen Rich, trustee, permits the use of the funds of the alleged trust estate for herself and husband, and complainants "fear the charge that the creditors and heirs at law" of the widow and deceased son are in danger of losing the amount due them from the estate of Elisha B. Rich, deceased. The bill prays for an injunction restraining the trustee and her husband from collecting the accounts, for a receiver to take charge of the books of account, property, accounts and effects of the estate of Elisha B. Rich, deceased, for an interpretation and construction of the will and codicil, the termination of the trust, and that a receiver be appointed and directed to convert all of the property of every kind belonging to the estate of said Ellen F. Rich, deceased, into cash and distribute the proceeds.

The original complainants were Della C. Ricker, daughter

of Elisha B. Rich, deceased, and John D. Mulloney, the foreign administrator. The verification of the bill is by said Ricker. Upon the hearing of the application for a receiver, however, she filed an affidavit, stating that although she signed and made oath to the bill, she did so under a misapprehension, that she did not fully understand the object sought to be accomplished by the bill, was misinformed as to the effect it would have upon the business conducted by Ellen Rich as trustee, that she has confidence in the good faith and ability of the present management of the business, does not desire the appointment of a receiver for the business, and that it is her desire that the suit so far as it concerns her be dismissed.

The bill of complaint was thereupon dismissed as to said Della C. Ricker February 14, 1905, but two days later the court appointed as receiver one Herbert Friedman, with the usual power and duties of a receiver, upon filing bond in the sum of $6,000. From this order the defendants to the bill appeal.

GILMER GILBREATH and JOHN S. STEVENS, for appellants.

No appearance for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

There is no appearance and no brief filed in behalf of appellee. Apparently no counsel are willing to defend in this court the appointment of a receiver under this bill. It is clear that such appointment should not have been made.

In the first place the principal complainant by whom the bill was originally verified, files an affidavit stating that she signed and made oath to it under a misapprehension that she has confidence in the good faith and ability of the management of the trustee and does not desire the appointment of a receiver. At her request the bill is dismissed as to her, and yet upon a bill, the verification of which has been formally withdrawn, a receiver has nevertheless been appointed.

Again, the trustee Ellen Rich is shown on the face of the

Rich v. Mulloney.

bill to be acting under formal appointment of the Circuit Court of Cook county.. She was and is amenable to that court for any dereliction in duty. Yet upon an unverified bill which makes no charge of insolvency or lack of responsibility in the trustee, upon no better ground than the alleged belief, not justified by any facts stated, of complainant, a foreign administrator, that a large balance is coming to him as administrator from said estate, and that he fears and charges the creditors and heirs at law are in danger of losing the amount due them, the property and business are taken out of the hands of a regularly appointed trustee and from the control of parties who, under the allegations of the bill, have at least a third interest in the property, with a possibility that under the will of Elisha B. Rich, the son, Edward W., husband of the trustee, may in fact be found to have a larger interest, and turned over to the control of a receiver in whose selection the owners of two-thirds at least of the property have no voice and against whose appointment they both protest. In Schack v. McKey, 100 Ill. App., 294-300, we said that "a court of equity is not justified in arbitrarily taking the possession of property from one holding it under claim of valid title, merely because another disputes the holder's claim. (First Nat. Bank, etc., v. Gage, 79 Ill., 207; Beach on Receivers, sec. 5; Harn v. Quackenbush Am. Bankruptcy Rep., vol. 5, No. 5-483.) The power to appoint a receiver and put him in possession of another's property is one of the most important prerogatives of equity, only to be exercised by the conscientious chancellor when it is clear there is no other adequate means of doing justice between the parties and preventing the accomplishment of a wrong." In Lemker v. Kalberlah, 105 Ill. App., 445, 452, we said, that a receiver should be appointed in no case unless it is made to appear there is an imperative necessity for the step to preserve some particular property for such parties as shall be entitled thereto. See also Baker v. Administrator, 32 Ill., 79-115; Consolidated S. M. & M. Co. v. Loeber, 96 Ill. App., 128.

We find nothing in the bill in this case which can seem

to justify taking an old established business out of the hands of the trustee and of her husband, Edward W. Rich, who has had an active interest in it for many years. The trustee is acting under the direction of a court of chancery. She and her husband are apparently perfectly solvent, they are not charged with fraud in the management, and by the admissions of the bill the trustee's husband, Edward W. Rich, is conducting the business which his father's will provided should be continued under his supervision and management; and he apparently claims with some show of right under his father's will, admitted to be ambiguous, a controlling interest. In any event the appointment of the receiver was erroneous, and the order of appointment will be reversed.

*Order reversed.*