## Kate Blust Craig, Appellee, v. Lewis J. Craig and Sophia Craig, Appellants.

### Gen. No. 5,627.

1. INJUNCTIONS—*effect of amendment to bill.* An interlocutory injunction may be rendered ineffective by an amendment to the bill unless the amendment is filed after leave of court and without prejudice to the injunction.

2. INJUNCTIONS—*effect of amendment to bill.* An interlocutory injunction is not affected by amendments to the bill though no order was obtained that they should be without prejudice to the injunction, where they do not change the allegations of the bill except to enlarge and strengthen them.

3. INJUNCTIONS—*issuance without notice.* An affidavit accompanying a bill praying for an interlocutory injunction without notice must, where it alone is relied on, state facts showing that the complainant's rights will be unduly prejudiced unless such injunction is issued.

4. INJUNCTIONS—*issuance without notice.* Objection to the issuance of an interlocutory injunction without notice is waived when a motion to dissolve is made, since such motion operates as a demurrer to the bill.

5. INJUNCTIONS—*issuance without notice.* The averments of a bill sufficiently show that complainant's rights will be unduly prejudiced if an injunction is not issued without notice, where its positive allegations, properly verified, state that an easement of way exists over defendant's land, specify how the title came into the present owners and aver that the way is a way of necessity, that it was obstructed by the defendant and that defendant made threats of bodily injury and legal proceedings in case complainant should pass over the way again.

6. INJUNCTIONS—*when interlocutory should not be dissolved.* An interlocutory injunction restraining the obstruction of an easement of way granted without notice should not be dissolved because the bill in some instances states conclusions rather than facts, where it does charge that an easement of way had been used as a road adversely and continuously under claim of right by the complainant and predecessors in title for more than 20 years and that such use was recognized by the former successive owners.

7. INJUNCTIONS—*interference with way.* Where the complainant asks for an injunction restraining the obstruction of an easement of way, there is a sufficient recognition of a change in the way by agreement with complainant's predecessor in title where the bill charges that she and defendant placed and maintained gates along the changed way.

8. INJUNCTIONS—*interference with way.* Where a bill for an injunction restraining the obstruction of an easement of way contains as an exhibit a will through which the complainant claims title from her father, there is a sufficient showing of title, though there is no allegation that the will has been admitted to probate, since if it is not, she is an heir and a tenant in common.

9. INJUNCTIONS—*pleading.* Where the will, under which complainant who is praying for an injunction restraining the obstruction of an easement of way claims title charges the dominant estate with the support of the complainant's mother, the bill shows that the condition has been complied with where it states that she and her mother have no other place of abode and will be confined as in a prison if the obstructions are maintained.

Injunction. Appeal from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed June 27, 1912.

A. M. CAVAN and E. J. RILEY, for appellants.

ISAAC B. HAMMERS and C. G. SCHROEDER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellee, Kate Blust Craig, is the owner of 40 acres of land in Section 2, Township of Kansas, Woodford county, and appellants, Lewis J. Craig and Sophia Craig, own 20 acres in the same section, immediately south thereof. Appellee obtained an interlocutory injunction restraining appellants from obstructing an alleged easement of way over the same, and directing its restoration to the condition in which it was before the alleged obstruction. A motion to dissolve the same was heard and denied and appellants appealed from that order to this court. We transferred the cause to the Supreme Court for reasons stated in Craig v. Craig, 154 Ill. App. 1, and the same was retransferred to this court for the reasons stated in 246 Ill. 449.

The injunction was granted by a master without notice as required by Sec. 3, Chap. 69, Hurd's R. S. Thereafter a motion was made to dissolve the injunction on the grounds that the bill was not properly verified; that the affidavit required by Sec. 3, *supra,* was insufficient; that the bill stated conclusions and not facts, and for want of equity on its face. Later, by leave of court, sworn amendments were filed to the bill, and the motion to dissolve the injunction was extended so as to cover the bill as amended.

The filing of an amendment to a bill may operate to render an interlocutory injunction ineffective, unless filed after leave of court and without prejudice to the injunction. 22 Cyc. 981, note 49. In asking leave to amend the bill, appellee did not obtain an order that the amendment should be without prejudice to the injunction. Appellants did not urge in the court below that the filing of the amendments rendered the injunction ineffective, but urged its dissolution on other grounds. The amendments not changing the allegations of the bill except to enlarge and strengthen them, we think they did not affect the force of the injunction.

The bill was accompanied by an affidavit that the rights of appellee would be unduly prejudiced if the injunction was not issued immediately and without notice. The issuing of an injunction without notice is forbidden by the statute, "unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant would be unduly prejudiced." Sec. 3, *supra;* Stafford v. Swift, 121 Ill. App. 508. The affidavit was not alone sufficient to justify the master in issuing the injunction, as it did not state the facts which show that the rights of appellee would be prejudiced if notice were given. The original bill alleged that since a time prior to 1854 there had been an easement of way from appellee's land as the dominant estate over appellants' land as the servient estate; that appellee derived title to the dominant estate by devise from her father, Frank Blust; that a former owner of the servient estate recognized the right of passage over the same in Frank Blust by offering and attempting to lay out a road along another part of the servient estate in place of the road above mentioned, for the purpose of passage by said Frank Blust, but abandoned the same; that later a part of said road was changed by mutual agreement between said Frank Blust and appellant, Lewis J. Craig; that appellants placed gates where said road, as relocated, intersected with fences on the servient estate; that appellee had no other way of getting into or out of her premises without passing over the lands of other parties, for which she had no license; that appellants had repeatedly obstructed said road by fastening up the gates, by piling logs, rubbish, etc., on the road, and had threatened her with bodily injury, civil proceedings and fines if she passed over the road again. Appellee stated in verifying the bill that the allegations thereof were true, except as to matters which were stated to be upon information and belief. None of the allegations of the original bill were made upon information and belief, but were positive and direct,

and properly verified. The failure of the affidavit to state facts showing that appellee's rights would be unduly prejudiced unless an injunction issue without notice did not render it obnoxious to Section 3, *supra*. If it be true that the injunction was issued without notice the objection has been nevertheless waived, since a motion to dissolve operates as a waiver of the irregularity (High on Injunctions, sec. 1615), in as much as such a motion operates as a demurrer to the bill. Williams v. Chicago Exhibition Co., 188 Ill. 19. Moreover, the parties have had a hearing on the motion, and all the benefit the notice could have procured them. Rich v. Mulloney, 121 Ill. App. 503. Even if the irregularity arising from the failure to give the statutory notice was not waived by the making of a motion to dissolve upon the face of the bill, it can be said that it does appear from the allegations of the bill that the rights of appellee would have been unduly prejudiced if the injunction had not been issued without notice.

The allegations of the original bill were extended and amplified by the amendments so as to read that there had been a well defined traveled track used by appellee and her grantors and the public; that in the change in the part of the road appellee's father reserved the right of travel over the old track; that in or about the year 1865 the easement was granted to Frank Blust by L. H. Mann, a former owner of the servient estate, and that said road had been used continuously by appellee and her father, or grantors, under claim of right for more than 20 years last past, adversely to the owners of the land over which the same passed.

It is true that the bill states conclusions in a number of instances rather than facts. As amended it alleged that both the father of appellee and appellant Lewis J. Craig did work on this road, and that in some former litigation concerning it in which Frank Blust was a party, appellant Lewis J. Craig testified that this

was a road.   Since the bill as amended charged that
the easement had been a traveled road, used by appel-
lee and her predecessors in title for more than 20
years before the bill was filed, and that such use had
been adverse, uninterrupted and continuous under
claim of right and without consent or license from the
owners of the servient estate, and that such use was
recognized by the former successive owners thereof, we
conclude that the injunction should not be dissolved on
the ground that the bill, in some instances, states con-
clusions rather than facts.

It is urged that the bill does not show that appel-
lant Sophia Craig was a party to the change in the lo-
cation of the road.   As before stated, it does charge
that she and appellant, Lewis J. Craig, placed and
maintained gates along this way where the same
crossed fences.   We think this is a sufficient recogni-
tion by her of the change in the location.

The will through which appellee claims title from
her father to the dominant estate is made an exhibit
to the bill.   However, it does not allege that the will
had been admitted to probate.   Because of the ab-
sence of such an allegation, it is urged that the title
to the dominant estate is not shown to be in appellee.
If the will has been admitted to probate, she has the
title.   If it is hereafter probated, she will have the
title.   If it is never admitted to probate, she is one
of the heirs of the testator and as such is a tenant in
common with the other  heirs, and if the facts alleged
are true she has a right to the use of this road, and her
rights to its use are the same in either case.

The will showed that the devise of the dominant es-
tate was charged with the support of appellee's mother,
and it is urged that the bill does not show that she has
complied with such conditions.   The bill states that
she and her mother, having no other place of abode,
would be confined as in a prison if said obstructions
were maintained.   This we think a sufficient answer to
appellants' contention in this particular.

We are of the opinion that the bill, on its face, as amended, shows sufficient equity to authorize the retention of the interlocutory injunction, at least until a trial can be had upon the issues formed by an answer. Therefore the order of the lower court, overruling the motion to dissolve the injunction, is affirmed.

*Affirmed.*