Honora Hefter Roemer, Appellee, v. Bertha E. Stead, Appellant.

Opinion filed March 9, 1938. Rehearing denied April 15, 1938.

CHAS. F. DEW, of Centralia, for appellant.

SMITH & MURRAY, of Centralia, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Honora H. Roemer took judgment by confession on a promissory note dated June 27, 1924. The judgment was set aside and defendant given leave to plead. The case was tried before the court without a jury and resulted in a judgment for plaintiff.

On this appeal, defendant urges three grounds for reversal, that action on the note was barred for a former adjudication, by the statute of limitations and that there was a material alteration in the note after defendant signed it.

Plaintiff and defendant are sisters-in-law, plaintiff's husband, now deceased, was a brother of the defendant. Prior to 1924 defendant and her brother became the owners of certain city property, located in Centralia, each owning an undivided half interest. They employed plaintiff to act as their agent in the management of the property. She paid the taxes, attended to the necessary repairs, and the renting of the same. As she collected the rents she deposited them in a joint account in the bank. She wrote checks on the account in payment of the charges against the property. Defendant also checked on the account for her personal use. This arrangement began prior to 1924 and continued until after the death of Frederick Rudolph Roemer, defendant's brother in 1930.

In 1924 there was insufficient money in the joint account to pay the taxes then due and defendant arranged for a loan, for a short period of time. To repay this loan plaintiff deposited $600 of her own funds in the joint account and checked against it to satisfy the loan. This was arranged with the consent and understanding of defendant, her brother and the plaintiff. Soon after the deposit was made, defendant signed the note declared upon in this suit. It is payable to plaintiff.

Frederick Rudolph Roemer left a will by which he devised all his interest in the real estate to defendant, directed that she pay all the indebtedness which he and the defendant owed jointly and the payment of the same was made a lien on the real estate so devised.

After the probate of the will, defendant filed a suit to construe the will as to what indebtedness the testator intended her to pay, asked for an accounting from the

plaintiff in reference to the rentals and for a partition of certain lots of small value.

The issue on the accounting feature of the suit was as to what indebtedness the defendant was jointly liable for under the will. In the taking of the evidence the plaintiff offered the note in question as a part of the joint indebtedness, evidently on the theory that the money it evidenced was used for the joint property and therefore a joint liability of defendant and her brother. Defendant objected to the note and as reason therefore stated that "it couldn't become a lien under the will and is a personal obligation, if anything." The court refused to hold the note as a joint indebtedness.

It is clear that the only thing adjudicated on the former trial in reference to this note was that it was not a joint indebtedness of defendant and her brother as provided for in the will. The personal liability of defendant on the note was not in issue and was not determined by the court and the former decree is not a bar to this action.

The note bears date June 27, 1924, is payable on demand and this suit was instituted and judgment taken on July 17, 1934. On the back of the note were indorsements of interests at various dates, all in the handwriting of the plaintiff who was payee in the note. The last indorsement bears date July 12, 1930.

The evidence shows that the plaintiff while acting as agent for the defendant and defendant's brother, wrote checks on the account payable to herself for the interest. She kept a book account and in this book on dates that correspond with the dates of the indorsements are entries showing the payments of the various items of interest. No contention is made that the book account is not true and correct.

Defendant in support of her contention that the note is barred by limitation relies upon the rule that the indorsement in the handwriting of the payee is but an

*ex parte* act of the payee, self-serving and standing alone raises no presumption that the payment was made. The books of original entry, although in the handwriting of the payee were more than *ex parte* or self-serving. The evidence shows that defendant had access to the books and inasmuch as they are of original entry of accounts between the agent and her principals their verity is implied and is corroborative of the indorsements on the note. The court properly held that the note was not barred by limitations.

Defendant's final contention is that her brother's name was on the note when she signed it and later erased and that the interest rate and the word "date" had been inserted after it was executed.

The original note has been certified to this court. There is nothing on the face of the note that shows any alteration and therefore the burden was upon defendant to show a material alteration. *Merritt v. Dewey,* 218 Ill. 599. The evidence is in conflict as to any alteration having been made, plaintiff testifying that there was no alteration and defendant testifying to the opposite.

From an examination of the instrument and the evidence we are satisfied that the court's finding should not be disturbed.

Finding no reversible error in the record the judgment is affirmed.

*Judgment affirmed.*