Isadore Cohen et al., Individually and as Copartners, Trading as B. Cohen and Sons, Appellees, v. George L. Sparberg and Joseph L. Gill, Defendants.
Interlocutory appeal of George L. Sparberg, Appellant.

Gen. No. 42,410.

Heard in the first division of this court for the first district at the October term, 1942. Opinion filed October 16, 1942.

LEON N. MILLER and ODE L. RANKIN, both of Chicago, for appellant.

GEORGE N. KOTIN, GEORGE S. LAVIN and BERNARD SAVIN, all of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an interlocutory order enjoining George L. Sparberg, the defendant, from suing out an execution on a judgment rendered in his favor and from taking steps to collect the same, and enjoining Joseph L. Gill, clerk of the municipal court of Chicago from issuing an execution on this judgment and from indorsing any purported assignment of it in the records of his office.

December 23, 1940, Sparberg had judgment against the plaintiffs (then defendants) for $7,555.15, entered on the verdict of a jury in the municipal court; the cause was appealed to this court and the judgment was affirmed (313 Ill. App. 143 (Abst.)); subsequently leave to appeal to the Supreme Court was denied.

The present suit is brought by the defendants in the prior action seeking to restrain Sparberg from collecting his judgment, on the ground of newly discovered evidence. The instant complaint was filed June 22, 1942, and the interlocutory order was entered the same day; July 9 Sparberg filed his motion to dissolve this on the ground that it was issued without notice although there was no prayer in the complaint for the issuance of an injunction without notice; that the affidavit attached is insufficient as a basis for an injunction without notice; also, defendant Sparberg asserted that the bond of $10,000 was not sufficient to secure his judgment of over $7,000. Other points were made upon the motion to dissolve, most of them presenting sufficient grounds for dissolving the injunction. After

the motion to dissolve was presented and denied, plaintiffs filed an amendment to their complaint which they assert cures any errors in the original complaint. They also at the same time filed a bond in the amount of $16,500.

Counsel for defendant argue that the rule is that an interlocutory order must stand or fall upon the pleadings as they existed at the time the order was entered, citing *Bauer v. Lindgren,* 279 Ill. App. 397, *Balaban & Katz Corp. v. Rose,* 283 Ill. App. 615, and *3333 Washington Boulevard Bldg. Corp. v. Fitchie,* 300 Ill. App. 612 (Abst.). We find no case directly to the contrary. In *Craig v. Craig,* 175 Ill. App. 176, cited by plaintiffs, the complaint was amended before the motion to dissolve was made and this motion was extended to cover the complaint as amended. In the instant case the amendment was made after the motion to dissolve had been made and denied.

We are of the opinion that the complaint does not present sufficient facts to justify the interlocutory order. After reciting the proceedings in the original case of *Sparberg v. Cohen,* plaintiffs in the present case set out what is said to be newly discovered evidence. It is first asserted that a memorandum book was discovered after the verdict in the municipal court was rendered, and also certain notes which would indicate that the notes upon which Sparberg brought the suit had been paid. It is a complete answer to say that this alleged documentary evidence was presented to the trial court on a motion for a new trial, which was overruled; that this ruling was questioned on appeal to this court and our opinion shows that it was considered by this court and we sustained the opinion of the trial court that this alleged newly discovered evidence was untrustworthy and should not be allowed as the basis for a new trial. We cited *Chicago & Alton R. Co. v. Raidy,* 203 Ill. 310, 317, where it was said:

"It cannot be the practice of courts to allow important matters to go to trial, and because one party is not satisfied with the results of it, let him go out and try to get facts which will enable him to do better at another trial, and rely upon such after-ascertained matters as a basis for a new trial."

Plaintiffs in this case seem to admit that they are not entitled to an injunction because of the documentary evidence referred to. They say in their brief: "They do not ask the court to hold that the documentary evidence would of itself justify the relief prayed for by the complaint." This leaves only the alleged oral statements.

The first is said to have been made by Sparberg at some time (indefinitely stated to be "after the said judgment in said municipal court had so become final") to plaintiffs Jack Cohen and Mort Fisher. This was a general statement that he (Sparberg) never had the notes upon which he brought suit and that they should see Colitz with reference to the matter. The second alleged statement was said to have been made by Colitz to his mother-in-law in yiddish, stating that he had the notes for all the years and the courts had said that Mort Fisher and his partners would have to pay him the money. On the trial of the case in the municipal court the plaintiff there, Sparberg, testified giving in detail the transaction whereby he acquired for a valuable consideration the notes upon which he brought suit. His statement was also supported by bookkeeping entries of his firm, which entries he testified were made under his supervision and were true and correct, and that the two checks given to Colitz in payment of the notes were drawn on a bank of Battle Creek and cleared through that bank and deducted from plaintiff's account. Colitz confirmed Sparberg's testimony as to the transaction and denied that he ever had either of the notes upon which that suit was brought in his

possession after he delivered them to plaintiff. Our opinion states that there was no definite denial of the testimony of Sparberg or Colitz as to this.

The alleged indefinite statements of Sparberg and Colitz are not the kind to call for a new trial. Even if made they are rambling statements evidently intended to prevent being bothered by the persons to whom they were addressed. The rule is that newly discovered evidence to justify a new trial must be of a conclusive or decisive character. *Springer v. Schultz,* 205 Ill. 144; *Graham v. Hagmann,* 270 Ill. 252, 261. And it must be sufficiently important as to make it probable that a different verdict would be returned on another trial. *Corwin v. Tillman,* 255 Ill. App. 230; *Watson v. Roth,* 191 Ill. 382. In the old case of *Yates v. Monroe,* 13 Ill. 212, 218, it was said: "The same reason exists for rejecting an application for a new trial, made to a court of chancery, on the ground of newly discovered evidence, which would determine a court of law upon a motion for a new trial." Admissions of a party are weak evidence (*Winslow v. Cooper,* 104 Ill. 235) and should be received with great caution, especially when they purport to be mere repetition of oral statements which may have been misunderstood. *Bragg v. Geddes,* 93 Ill. 39, 60. And it has also been held that even where there was false testimony or assertions as to liability made on a previous trial, these cannot be allowed as a ground for setting aside a judgment, otherwise there would be little stability in judgments. *Galena & S. W. R. Co. v. Ennor,* 116 Ill. 55; *Kretschmar v. Ruprecht,* 230 Ill. 492.

We are in accord with the statement of the defendant that the alleged new facts do not make out a different case from that which was before this court in 313 Ill. App. 143 (Abst.), where we affirmed the judgment. Nothing in the present record is presented which changes the basis of that opinion. As was aptly said

in *Stoll v. Gottlieb*, 305 U. S. 165 : "It is just as important that there should be a place to end as that there should be a place to begin litigation." *Trustees of Schools of Tp. No. 38 v. City of Chicago,* 308 Ill. App. 391.

For the reasons indicated the interlocutory order entered June 22, 1942, is reversed.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.