Paul C. McEwen and James N. Canton, Plaintiffs-Appellees, v. James Roberts Walsh and Lew Billingsley (James Roberts Walsh, Appellant), Defendants-Appellants.

Gen. No. 67–129.

Second District.

June 24, 1968.

Ezra L. D'Isa, of Waukegan, for appellants.

Snyder, Clarke, Dalziel, Holmquist & Johnson, and Leo J. Sullivan, III, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This was an action at law to recover both actual and punitive damages, each in the sum of $10,000. The jury returned verdicts for the plaintiffs, and assessed actual damages against the defendant, James Roberts Walsh, in the sum of $10,000, and likewise assessed punitive damages against him in said amount. The judgment order entered by the court found that the jury answered a special interrogatory that Walsh was guilty of malice, and adjudged that the plaintiffs recover damages from him in the sum of $20,000, together with costs. The defendant Walsh appealed.

The plaintiffs, by their complaint as amended, asserted that they were defrauded of $10,000 by the defendants, and they prayed for judgment in the sum of $10,000, with interest and costs, and for the additional sum of $10,000 as punitive damages. The defendant Walsh answered the complaint, generally denied the charges of fraud and asserted certain affirmative defenses, including an allegation that the $10,000 in question was to have been, and was, used for a specific purpose, which was known to the plaintiffs, and that it was not retained by him. Plaintiffs filed a reply which denied these defenses, and no question is raised on appeal with reference to the pleadings.

The issue presented on appeal is whether it was proper to submit to the jury the question of punitive damages. The defendant urges that punitive damages are unconscionable in modern jurisprudence, and that such damages are untenable, absent proof of defendant's pecuniary status.

The plaintiffs assert that punitive damages, under the circumstances of this case, are an appropriate remedy, and that the defendant did not raise in the trial court the point of lack of proof regarding the defendant's pecu-

niary circumstances, and, consequently, the point cannot now be raised for the first time on appeal.

In Madison v. Wigal, 18 Ill App2d 564, 153 NE2d 90 (1958), we stated at pages 571 and 572:

> "Exemplary damages, punitive damages, and vindictive damages are synonymous, (citation). Punitive damages have always been recoverable at common law. Punitive damages incidentally punish the party against whom they are assessed, but their primary purpose is a warning to deter such a party and others from committing acts similar to those for which the damages are awarded. Punitive damages are not compensatory although they cannot be awarded unless actual damage is shown, (citation). Punitive damages are recoverable only when the conduct complained of is accompanied by certain aggravating circumstances, singularly or in combination. Such aggravating circumstances include wantonness and wilfulness, (citation) ; mailce, (citation) ; fraud, (citation) ; oppression, (citation) violence, (citation), and recklessness, (citation).

> "The rule is, that to authorize the awarding of punitive damages, either malice, violence, oppression or wilful and wanton misconduct must be present in the controversy. (Citations.)"

In Smith v. Hill, 12 Ill2d 588, 598, 147 NE2d 321 (1958), the court held that punitive damages are allowed in the interest of society, and are not allowed for the sole purpose of recompensing the individual. Thus, it is evident that punitive damages are recognized in proper situations under Illinois law, (Smith v. Hill, supra; Holmes v. Holmes, 64 Ill 294, 298 (1872) ; Madison v. Wigal, supra) and we so hold. The case at bar was an action for fraud in which the jury found that the de-

■■■■■■■■

fendant was guilty of malice. It is within the category of cases wherein punitive damages may be assessed.

■ We agree with the plaintiffs that a point not presented to, or considered by the trial court, cannot be raised for the first time on review. Bremer v. Bremer, 4 Ill2d 190, 192, 122 NE2d 794 (1954); McMillen v. Rydbom, 56 Ill App2d 14, 28, 205 NE2d 813 (1965).

The rationale of this rule is found in the requirement that courts afford an orderly and fair procedure to all litigants. If an issue is first presented in the reviewing court by one party litigant, the opposing party is precluded from pleading to such issue and from offering evidence thereon. This circumstance strikes at the orderliness and fundamental fairness of the court's procedures. It also deprives the trial judge of an opportunity to consider a point or issue prior to action by the reviewing court. In fairness, the trial judge should be afforded such opportunity before his judgment or rulings are reversed.

The defendant contends that his post-trial motion which alleged that the verdicts were contrary to the law and the evidence and that "there is no competent evidence to support the verdicts," raised at the trial level the issue of lack of proof regarding the defendant's pecuniary circumstances, as well as the propriety of the court submitting to the jury the special interrogatory on whether the defendant was guilty of malice. We cannot agree with this contention.

Section 68.1(2) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 68.1(2)), provides in pertinent part:

"The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. Relief sought in post-trial motions may be in the alternative or may be conditioned upon the denial of other relief asked

in preference thereto, as for example, a new trial may be requested in the event a request for judgment is denied. A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

■■ This provision was designed to require parties in their post-trial motions to specifically set forth the ground or grounds upon which the motion is based. Its purpose, among other things, was to prevent the moving party from hiding behind a general objection in the trial court and for the first time raising with particularity in the reviewing court an objection that had not been argued before the trial judge.

In Lawler v. Pepper Const. Co., 33 Ill App2d 188, 178 NE2d 687 (1961), at page 195, in considering the application of section 68.1, the court pertinently stated:

"The post-trial motion was also deficient in another respect; it did not specify the evidentiary point which the defendant now advances as its fourth reason for reversal. The only objection appertaining to this point in the motion was this: 'The court erred in admitting incompetent, irrelevant and immaterial evidence over the objections of the defendant.' This was a general objection and it failed to comply with the statutory requirement that all grounds for a new trial be particularly specified in the post-trial motion. Ill Rev Stat, c 110, par 68.1 (1959). A party cannot raise on appeal alleged errors concerning the admission or rejection of evidence unless these errors were asserted with particularity in the post-trial motion. Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209."

Also see: Richman Chemical Co. v. Lowenthal, 16 Ill App 2d 568, 572, 573, 149 NE2d 351 (1958).

■ In the case at bar, the specifications in the defendant's post-trial motion do not cover the issues under consideration which he seeks to raise in this court.

In view of our conclusions, we affirm the judgment of the trial court.

Judgment affirmed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.