JACK W. POWERS, Plaintiff-Appellee, *v.* ROBERT STURM, Defendant-Appellant.

(No. 71-239; )

Fifth District—June 8, 1973.

348

Bernard L. Minton, of McLeansboro, for appellant.

Joseph W. Hickman, of Benton, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the judgment of the Circuit Court of Franklin County, sitting without a jury, wherein the court gave judgment for the plaintiff in the sum of $6000.

Plaintiff filed a complaint for injury to real property, loss of income, and impairment of credit, praying for compensatory damages in the sum of $10,000. At the conclusion of the bench trial, plaintiff orally moved the court for leave to file an amended *ad damnum* prayer for $10,000 punitive damages. Over objection of the defendant, the court allowed the amendment.

It appears that plaintiff, on or about June 9, 1970, was the owner of two undivided working interests of and the operator of two oil and gas leases in Franklin County, Illinois. On that date, defendant, allegedly without authority, removed two gasoline operated engines from the wells, shutting down production therefrom, and took them into his possession. Plaintiff alleged that prior to the removal of the motors, the leases were producing 600 to 700 barrels of oil per month; that, prior to removal, his undivided working interest amounted to approximately $250 income per month; and that he derived from operation of the leases approximately $100 per month.

As a result of defendant's action, plaintiff alleged that he was compelled to sell his working interests; that several investors withdrew financial support; that removal of the motors caused damage to his wells; and that subsequent to the removal of the motors plaintiff's credit was impaired.

Defendant admitted removing the motors in lieu of a $500 debt owed him by plaintiff. Also, the defendant returned the motors to the plaintiff some five weeks after he had removed them, after plaintiff paid the debt he owed to defendant.

After judgment for the plaintiff, defendant filed a motion for vacation or modification of judgment or, in the alternative, for a new trial; his motion was denied, and this appeal follows.

The first ground upon which appellant appeals is that the lower court, when it awarded $6000 damages, should have designated what part was compensatory and what part was punitive. Because it did not do this, the defendant urges that the court erred. In support of his contention, appellant cites *Madison v. Wigal*, 18 Ill.App.2d 564, 153 N.E.2d 90 involving an action to recover damages to an automobile and for personal injuries occasioned by the alleged negligence and willful and wanton misconduct of the defendant in driving his automobile. The jury returned general verdicts for the plaintiffs. On appeal, one of defendant's contentions was that there should have been a separate verdict for punitive damages and actual damages. The appellate court agreed with the defendant but limited its decision to those situations where there was more than one cause of action, and where the defendant had objected in the trial court to the general form of verdict at the time it was

rendered. Defendant, in *Madison*, did object to the general form of verdict tendered by the plaintiffs and did request the trial court to submit forms of verdicts separating the punitive damages demanded in Counts II and IV from the actual damages in Counts I and III of the complaint.

■■ In the instant situation, there was one cause of action alleging that the defendant, without authority, willfully, vexatiously and unlawfully removed two pump motors from plaintiff's land, thereby causing plaintiff injury. The complaint contained one count stating this cause of action. Further appellant does not allege, nor does the record disclose, that the defendant below made a motion to the court to separate the judgment into actual and punitive damages. The appellate court in *Madison* deemed this point the determinative factor in deciding whether any error was involved. Defendant's failure to demand separate judgments at the time of the trial precludes his raising this objection because by his omission he has waived his right to do so. *McCarty v. O. H. Yates & Co.*, 294 Ill.App. 474, 14 N.E.2d 245.

■■ Appellant next contends that plaintiff made no mention of, nor did he pray for, punitive damages in his original complaint; that it was not until after both parties had presented their evidence and rested their respective cases that plaintiff moved the court to amend the *ad damnum* clause of his complaint to include $10,000 punitive damages; and that the trial court committed reversible error because he had no opportunity to make specific objections pursuant to Ill. Rev. Stat. ch. 110, § 68(3). However, sec. 68(3) does not apply because that section applies only to those situations where recovery is sought on separate demands in the same complaint. Further, that section applies only to separate causes of action based upon separate transactions. In the instant case, plaintiff's causes of action were based on a set of facts resulting only from one transaction. Plaintiff amended his complaint only in regard to the *ad damnum* clause—nothing else. Since the *ad damnum* clause is not a separate cause of action, it need not be separated in a separate count.

■■ Ill. Rev. Stat., ch. 110, § 46(3) provides that: "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." The allowance of material amendments after the evidence has been closed rests largely in the discretion of the trial court, and his ruling will not be disturbed on review except in cases of clear abuse. (*Moneta v. Hoinacki*, 394 Ill. 47, 59, 67 N.E.2d 204, 210.) Also, to the end that justice may be done, courts are liberal in the allowance of amendments conforming the pleadings to the proof, but their materiality to the evidence already introduced must be apparent. (*McCartney v. McCartney*, 8 Ill.2d 494, 134 N.E.2d 789, 791.) There was evidence of

defendant's willful and wanton conduct in the instant case. Therefore the trial court did not abuse its discretion by allowing plaintiff to amend his pleadings to conform to the proof.

Appellant next alleges that punitive damages cannot be awarded in the absence of a court's finding and awarding of compensatory damages, citing (*Fentz v. Meadows,* (1874), 72 Ill. 540). In that case, the court held that the plaintiff should prove, to the satisfaction of the jury, actual damages sustained, without which exemplary damages could not be awarded. According to appellant, plaintiff failed to prove any compensatory damages.

██ Plaintiff alleged as damages the loss of income from the operation of the wells, impairment of credit, and injury to the wells. While there was a paucity of evidence concerning the latter two allegations, it was sufficient on which to base recovery, and there was evidence concerning loss of income. The general rule is that in actions of tort where the amount of profits of which the injured party is deprived as a result of a trespass can be shown with reasonable certainty such profits to that extent constitute a safe measure of damages and may be recovered. (*Chapman v. Kirby* (1868), 49 Ill. 211; *Illinois & St. Louis R.R. & Coal Co. v. Decker* (1878), 3 Ill.App. 135.) See also *Schatz v. Abbott Laboratories, Inc.* (1972), 51 Ill.2d 143, 281 N.E.2d 323. In the present case, there was a sufficient showing of actual damages, involving loss of profits, to support the trial court's award of punitive damages.

██ Appellant's contention that no recovery will be based on mere guesswork or inference without evidence of facts, circumstances, and data justifying an inference that damages awarded are just and reasonable compensation for the injuries suffered is not applicable because in the instant case there was evidence from which the trial judge could adduce that defendant's willful and wanton act was the direct cause of plaintiff's loss of income from his oil wells for a period of five weeks. For this reason, the case of *Continental Nut Co. v. Robert L. Berner Co.,* 393 F.2d 283, cited as authority by appellant, is not in point, because in that case the court held that the mere showing of a decline in sales and profits was not enough to show a causal connection between the alleged libel and slander and plaintiff's loss of sales and profits. In the instant case, there was evidence which showed that defendant's shutting down of plaintiff's oil wells was a direct and proximate cause of the loss of profits.

Consequently, since evidence introduced before the trial judge was sufficient to award compensatory damages appellant's contention that punitive damages could not have been awarded is without merit. Actual damages were shown and evidence adduced at trial warranted an assess-

ment of punitive damages. *Aladdin Mfg. Co. v. Mantle Lamp Co. of America,* 116 F.2d 708, 716.

■■ One other point appellant urges this court to consider is that punitive damages are unconscionable in modern jurisprudence and such damages are untenable, absent proof of defendant's pecuniary status. This was an issue presented in *McEwen v. Walsh* (1968), 96 Ill.App.2d 326, 238 N.E.2d 616, but not decided since it was raised for the first time on appeal, whereas it should have first been raised in the lower court. There is no indication that this proposition is a rule of law and we have found no cases as authority in its favor. It is true that proof of defendant's financial condition is proper, but it is quite another thing to say that failure to provide this proof is reversible error where there is evidence of willful and wanton conduct, and the amount of punitive damages, if any, cannot be determined. Suffice it to say, if there is "evidence sufficient to support any count, the judgment must be affirmed." *Moore v. Jewel Tea Company,* 116 Ill.App.2d 109, 124, 253 N.E. 2d 636, 643.

Appellant contends that the court erred in not allowing his post-trial motion for a new trial based on the discovery of new evidence concerning a fact that one of the pump motors was not working at the time the appellant took the motors. The appellant's attorney claims he misinterpreted the appellant's statement that "one pump was no good" to mean that it was in need of repair rather than that the pump was not in operation.

■■ To warrant granting of a new trial for newly discovered evidence it must appear:

(1) That the evidence in question relates to the merits.
(2) That its existence was discovered after the trial and it was not known before verdict.
(3) That it could not have been discovered before verdict by reasonable inquiry and due diligence. 3A Nichols, Illinois Illinois Civil Practice, § 3890.

The appellant's attorney in the instant case himself admits that the reason for the evidence not being presented before was that he misinterpreted the statement of his client, "the pump was no good", to mean that it was in need of repair, but in operation, when the defendant actually meant the pump was not in operation.

■■ The applicant for a new trial must show affirmatively that there was no lack of diligence on his part in preparing his case for trial and that he was in no manner negligent in his efforts. (*Graham v. Hagmann,* 270 Ill. 252, 110 N.E. 337; *Powers v. Browning,* 2 Ill.App.2d 479, 119 N.E.2d 795.). And the applicant has the burden to rebut the assump-

tion that the verdict is correct and he has to show that there has been no lack of due diligence on his part. (*Henderson v. Shives*, 10 Ill.App.2d 475, 135 N.E.2d 186.) And unless such new evidence is of a conclusive or decisive character which would be sufficiently important as to make it probable a different verdict would be returned on another trial, a new trial will not be justified. *Cohen v. Sparberg*, 316 Ill.App. 140, 44 N.E.2d 335.

■■ The appellant in the case at bar had the evidence available and with proper diligence and care, would have been able to use this evidence during the trial. Nor would the evidence, if presented, have necessitated a new verdict or the rendering of only nominal damages. The judge, therefore, did not abuse his discretion in not allowing the motion, since there was no affirmative proof of proper diligence and due care to discover the evidence from the defendant on the part of his attorney.

Accordingly, the decision of the trial court is affirmed.

CREBS and G. MORAN, JJ., concur.