12

*In re* ESTATE OF GEORGE E. HARRIS, Deceased.—(KAREN K. THOMAS, Claimant-Appellee, *v.* CORNELIUS CLYDE PARRISH, Administrator-Appellant.)

First District (3rd Division)   No. 61786

Opinion filed September 16, 1976.—Modified upon denial of rehearing November 18, 1976.

Brown, Brown, Greene & Young, of Chicago, for appellant.

John M. Burke, of Burke & Burke, Ltd., and Frankenstein, Lewis & Feierberg, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The instant appeal involves a claim against the estate of George E. Harris for specific performance of an alleged oral agreement made by

decedent, George E. Harris, to change an existing will and to devise and bequeath his entire estate to claimant, Karen K. Thomas, in consideration for services rendered by claimant. After hearing all of the evidence, the trial court found in favor of the claimant and ordered that claimant was entitled to the entire estate after payment of claims, debts and costs of administration. The administrator now appeals.

On appeal the administrator contends (1) that the trial court erred in denying his motion to strike the testimony because none of the testimony related to the allegations in the claim; (2) that recovery should be denied because the claim alleges a contract to make a will 12 years prior to decedent's death and the proof submitted relates to an oral contract one year prior to decedent's death; and (3) the contradiction between the allegations and the proof prevents the contract from being clear and convincing as a matter of law.

We reverse and remand with directions.

Decedent, George E. Harris, died on November 30, 1973, leaving a will dated August 18, 1951, which devised and bequeathed his entire estate to his wife, Helen, and to certain contingent beneficiaries if his wife predeceased him. Shortly after Mr. Harris' death, the claimant, Karen Karla Thomas, filed a claim against Mr. Harris' estate in which she alleged "that for a period of 12 years preceding the death of George E. Harris, Karen Karla Thomas, pursuant to an oral agreement she had entered into with the decedent, George E. Harris, furnished the necessary services * * * for his comfort and welfare." The claim went on to allege that in consideration for such services the decedent agreed to change a prior will and to devise and bequeath his entire estate to the claimant and that contrary to the above oral agreement, the decedent failed to change his prior will and died testate leaving his prior will. The claim then requested that the court declare a valid contract to make a will between claimant and decedent and award the entire estate to the claimant.

Claimant presented four witnesses at trial. The first of these witnesses, Melvin Palmer, testified that he had been a close friend of the decedent for at least 25 years; that at the time of claimant's birth the decedent acknowledged her as his illegitimate daughter; and that on numerous subsequent occasions introduced the claimant as his daughter. Mr. Palmer went on to testify that the decedent had various parcels of income-producing property which required management, collection of rents, payment of bills and the keeping of ordinary records; that the operation of this business because too burdensome for the decedent during a prolonged illness of his wife and her subsequent death in 1972; that these burdens increased when the decedent suffered several heart attacks and became very ill; that due to the death of his wife and the decedent's own illness, the decedent requested of claimant that she devote a substantial

part of her time in order to assist him in the operation of his business and personal affairs and in providing medical attention and companionship. Mr. Palmer further testified that the decedent told claimant he would leave her his entire estate if she did the above; that the decedent at various times acknowledged that the claimant had fulfilled his request of substantial services; and that decedent stated that he was thus leaving his entire estate to her and would execute a will to that effect as soon as his health permitted. Mr. Palmer also testified that the claimant had in fact fulfilled her promise to the decedent and had assisted the decedent in his business and personal affairs.

Another of the claimant's witnesses, Dorothy Gardner, testified that the decedent admitted to her that the claimant was his illegitimate daughter and that the decedent wanted to provide for her financial future. Dorothy Gardner further stated that she and Deborah Matlock (another of claimant's witnesses) were present with the decedent shortly after his wife's death in November of 1972 and that at that time the decedent told the claimant that he would leave the claimant his entire estate if she would provide him with a substantial increase of her time and efforts towards his business, health and social requirements. Dorothy Gardner also testified that the decedent often praised his daughter's devoted companionship and extraordinary assistance.

Claimant's third witness, Deborah Matlock, testified that she roomed with claimant for almost four years in college and that when the decedent's wife died and the decedent became ill, she heard the decedent request of claimant more of her time towards the conducting of his business and his daily activities. In return the decedent offered to leave his entire estate to the claimant. Miss Matlock went on to testify that the claimant accepted the offer and performed all the requested services and that the decedent acknowledged these services and expressed his gratitude.

Lucille Thomas, claimant's mother, testified that the claimant was the decedent's illegitimate child and that especially during the decedent's illness he expressed his desire to leave his entire estate to claimant if she would devote more time to him and his affairs. Mrs. Thomas further stated that her daughter made many sacrifices to render such assistance and that such assistance was constantly acknowledged by the decedent.

After the claimant presented the above evidence, the administrator moved to strike all of the above evidence as being irrelevant and immaterial and for a directed finding in his favor due to the insufficiency of evidence and the fact that the evidence presented did not in any way relate to the facts alleged in the claim. The trial court denied the above motions. After the administrator stated that he would put on no evidence, the trial court found that a valid contract to make a will between the

claimant and the decedent had been established and ordered that the claimant should receive all the net assets of the estate after payment of claims, debts and costs of administration.

The administrator argues in this appeal that the court erred in not striking the above testimony and that claimant should be denied recovery because the sworn claim alleges an oral contract to make a will 12 years prior to the decedent's death and the proof submitted relates only to an oral contract made one year prior to decedent's death. The administrator cites the following language in the claim, "that for a period of 12 years preceding the death of George E. Harris, Karen Karla Thomas, pursuant to an oral agreement she entered into with * * * George E. Harris," and argues that said language alleges a contract entered into 12 years prior to decedent's death. We agree. The only possible interpretation of the above language is that the alleged contract was .entered into 12 years before decedent's death and that for a period of 12 years the claimant performed services pursuant to the alleged contract. Reviewing the testimony adduced at trial, we must further conclude that the administrator is correct in stating that the evidence offered at trial relates only to an oral contract made one year prior to decedent's death and that the allegations of the complaint do not conform to the proof adduced at trial.

At trial the claimant never moved to amend the pleadings to conform to the proof and the administrator put on no evidence. The administrator first argues that the variance between the proof and the pleadings is fatal and requires this court to reverse the decision of the trial court. In support of the trial court's decision, claimant argues that even if this court finds that a variance exists, she has a right to amend her pleadings to conform to the proof.

■■■ Section 46(3) of the Civil Practice Act states that "[a] pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1973, ch. 110, par. 46(3).) Claimant also correctly points out that in certain cases this court may on its own motion amend pleadings to conform to the proof. (*Simonson v. Simonson* (1970), 128 Ill. App. 2d 39, 262 N.E.2d 326.) To the end that justice may be done, courts are liberal in the allowance of amendments conforming the pleadings to the proof, but their materiality to the evidence already introduced must be apparent. (*Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 297 N.E.2d 628.) Consequently, in the interests of justice we remand the cause with directions to the trial court to allow claimant leave to amend her complaint to conform to the proof presented at trial. However, in the further interests of justice we also direct the trial court to allow the administrator to present any proof in rebuttal of claimant's claim of a contract to make a will entered into one year before decedent's death.

■■ The administrator further contends that the contradiction between the pleadings and proof prevents the testimony from being clear and convincing as a matter of law. In support of this contention the administrator correctly points out that the existence of an oral contract to make a will must be proven by clear, explicit and convincing evidence. (*Bidwell v. Dempsey* (1946), 329 Ill. App. 182, 67 N.E.2d 315; *In re Estate of Kucharski* (1971), 3 Ill. App. 3d 32, 278 N.E.2d 221.) After reviewing all the testimony presented at trial, we conclude that said testimony is indeed clear, explicit and convincing and, sufficient to establish an oral contract to make a will. The mere fact this testimony conflicts with the allegation in the claim concerning the date on which the contract was established does not as a matter of law prevent the proof from being clear and convincing. Not only is the testimony of each witness clear, explicit and convincing but it is also corroborative of the testimony of the other witnesses. We conclude that said testimony, if not rebutted by other evidence on remand, is sufficiently clear, explicit and convincing to establish an oral contract to make a will.

For the above reasons we reverse the judgment of the circuit court of Cook County and remand the cause with directions.

Judgment reversed; cause remanded with directions.

MEJDA, P. J., and McNAMARA, J., concur.