# THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY

## v.

## JOHN DOERR, ADMINISTRATOR.

*Railroads—Negligence—Personal Injuries—Excessive Rate of Speed—Ordinance—Signals—Flagman—Removal of Cause to Federal Court—Practice.*

1.    A petition by a defendant corporation that a suit against it may be removed to the United States Circuit Court, should set forth that the plaint-iff was a citizen of the State in which the suit was brought.    It is not enough to say that he is a *resident.*

2.    In personal injury cases evidence as to precautions taken by the defendant after the injury, should not ordinarily be admitted.

3.    A railroad company must exercise ordinary care in view of the cir-cumstances of the case, in running its trains over crossings in thickly settled places and where the view of approaching trains is obstructed.

4.    A defendant may properly request that the jury in a given case be required to answer definitely an interrogatory submitted on behalf of the plaintiff without asking it on its own behalf.

5.    In the case presented, this court holds as erroneous the refusal to require the jury to return a specific catagorical finding of " yes " or " no " to a special interrogatory submitted by the court, they having previously

answered, "Don't know," the interrogatory calling for a finding of an ultimate, and not an evidentiary, fact.

6. This court also holds that the mere shifting of the burden of proving the want of reasonable care upon the part of the person killed, upon the defendant, does not lessen or affect the materiality of a failure by deceased to use reasonable care for her own safety, under all the circumstances of the case.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. JOHN T. DYE and GEORGE F. McNULTY, for appellant.

1. The court should have allowed the removal of this cause to the United States Circuit Court for the Southern District of Illinois.

The petition need not be sworn to. Dillon, Removal of Causes, Sec. 128 (5th Ed.).

And the petition and bond were sufficient. Brown v. Murray-Nels. Co., 43 Fed. Rep. 614; Myers v. Murray-Nels. Co., 43 Fed. Rep. 695.

The bond was sufficient and cause could be removed. Speer on Removal of Causes. "Bond."

2. The court improperly allowed the plaintiff's counsel to make improper remarks regarding the instructions given by the court, and special interrogatories submitted to the jury. A lawyer has no right to tell a jury that instructions given by the court on behalf of a party are to befog or mislead a jury; nor has he a right to tell the jury that they may, in effect, refuse to answer interrogatories submitted to them by the court. Thomp. Trials, Vol. 1, Sec. 955; Chicago v. McGiven, 78 Ill. 347; Sprague v. Craig, 51 Ill. 288; B. & O. R. R. Co. v. Boyd (Md. Sup. Court), 10 At. Rep. 315.

3. A person can not recover for a personal injury on the ground of the negligence of the defendant causing the same, if his own want of ordinary care for his safety contributed to the injury. Or even though the defendant was guilty of gross

negligence, yet if the plaintiff failed to exercise ordinary care there can be no recovery.   Calumet Iron & Steel Co. v. Martin, 115 Ill. 358, and cases there cited; C., B. & Q. R. R. Co. v. Warner, 123 Ill. 38; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C. & A. R. R. v. Fietsam, 123 Ill. 518.

4.   Our court has always held, "It is the duty of every person about to cross a railroad track to approach cautiously and endeavor to ascertain if there is present danger in crossing, as all persons are bound to know such an undertaking is dangerous, and that they must take all proper precaution to avoid accidents in so doing, otherwise they could not recover."   L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 530, and case cited in opinion, p. 534; Austin v. C., R. I. & P. R. R. Co., 91 Ill. 35; C. & N. W. R. R. Co. v. Dunleavy, 129 Ill. 132; Pennsylvania Co. v. Frana, 112 Ill. 398; C., R. I. & P. R. R. Co. v. Bell, 70 Ill. 102; C., M. & St. P. Ry. Co. v. Halsey, 23 N. E. Rep. 1029; C. & N. W. Ry. Co. v. Gertsen, 15 Ill. App. 616; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42.

5.   And it is the duty of a person walking on a railroad track, even though laid on a street, to exercise care and vigilance in looking in both directions for approaching trains.   L. S. & M. S. Ry. Co. v. Hart, 87 Ill. 530; Austin v. C., R. I. & P. Ry. Co., 91 Ill. 35; C. & N. W. Ry. v. Dunleavy, 129 Ill. 132; I. C. R. R. Co. v. Hall, 72 Ill. 222; I. C. R. R. Co. v. Baches, 55 Ill. 379; I. C. R. R. Co. v. Hetherington, 83 Ill. 529; I. C. R. R. Co. v. Goddard, 72 Ill. 567; C., B. & Q. R. R. Co. v. Ollen, 12 Ill. App. 251.

6 a.   Where the evidence is conflicting, and it is doubtful which way it inclines, the jury should be accurately instructed or the judgment will be reversed, and in such cases erroneous instructions are not cured by good instructions.   Wabash Ry. Co. v. Henks, 91 Ill. 407; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Murray, 62 Ill. 326; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

b.   It was an error to give the fourth instruction for the plaintiff, because it allows the jury to find for the plaintiff, if the bell was not rung or the whistle sounded, independent of

C., C., C. & St. L. Ry. Co. v. Doerr.

whether this omission caused the injury.  Q., A. & St. L. R. R. Co. v. Wellhoener, 72 Ill. 60; St. L., A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; I. & St. L. R. R. Co. v. Blackman, 63 Ill. 117; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; R. R. I. & St. L. R. R. Co. v. Linn, 67 Ill. 109; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; I. C. R. R. Co. v. Benton, 69 Ill. 174; T., W. & W. Ry. Co. v. Jones, 76 Ill. 311.

*c.* It was an error to give the third instruction for the plaintiff, as it required the defendant to show it used the highest degree of diligence, and the slightest negligence on its part would allow the jury to find for the plaintiff.  The company was only required to use ordinary care proportioned to the danger.  St. L., A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; I. C. R. R. Co. v. Benton, 69 Ill. 174 (178); I. & St. L. R. R. Co. v. Stables, 62 Ill. 313.

*d.* The eighth instruction for plaintiff assumes disputed questions to be proved.  This is error.  St. L., A. & T. H. R. R. Co. v. Manly, 58 Ill. 300.

7. The court erred in not requiring the jury to give definite answers to the third interrogatory asked by the plaintiff and to the sixteenth, fourteenth, eleventh, sixth and eighth interrogatories asked by the defendant, when requested to do so.  Thompson on Trials, Vol. II, Sec. 26, 85; C. & N. W. Ry. Co. v. Johnson, 27 Ill. App. 355; S. L. & S. E. Ry. Co. v. Dorman, 72 Ill. 504; Union Pacific Ry. Co. v. Fray (Kan.,) 12 Pac. Rep. 98; West v. Cravens, 74 Ind. 265; K. P. Ry. Co. v. Peavy, 34 Kan. 482.

8. The court erred in not giving judgment for the defendant on the special findings of the jury.  The plaintiff alleged and had to prove deceased was using due or ordinary care at the time she was injured.  The jury answered that this was not proved, and the special findings being inconsistent with the general verdict, should control it.  Starr & Curtis' R. S., Vol. III, p. 435; Thompson on Trials, Vol. II, Sec. 2691; A., T. & S. F. Ry. Co. v. Morgan (Kan.), 22 Pac. Rep. 995; Vaugh v. Cal. Cent. Ry. (Cal.), 23 Pac. R. 215; Richardson v. Ware, 64 N. H. 80.

The fact that this train was running over ten miles an hour

does not relieve deceased from using ordinary care. The doctrine of comparative negligence must be applied. Wabash Ry. Co. v. Henks, 91 Ill. 407; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Wabash, St. L. & P. v. Weisbeck, 14 Ill. App. 525; St. L., A. & T. H. Ry. v. Andres, 16 Ill. App. 292; Wabash, St. L. & P. Ry. v. Thompson, 15 Ill. App. 293; C., M. & St. P. Ry. v. Halsey, 23 N. E. R. 1029.

Messrs. J. H. YAGER and WISE & DAVIS, for appellee.

The petition for removal was clearly defective for the following reasons:

1. When the jurisdiction of the U. S. Circuit Court depends upon the citizenship of the parties, such citizenship must be distinctly and positively averred in the pleadings. An averment that a party "resides" in a particular State is not sufficient to show citizenship in that State. The words citizen and resident are not synonymous. Parker et al. v. Overman, 18 How. 137; Robertson v. Cease, 97 U. S. 647; Grace v. Amer. Cen. Ins. Co., 109 U. S. 278; Bors v. Preston, 111 U. S. 252; M. C. & L. Ry. Co. v. Swan, 111 U. S. 379; Thayer v. Life Ins. Co., 112 U. S. 717; Continental Ins. Co. v. Rhodes, 119 U. S. 239; Sharon v. Hill, 26 Fed. R. 342; Chicago & Alton R. R. Co. v. Waterman, Nov. 18, 1889; 10 Sup. Ct. Reporter, 1066.

2. Unless the citizenship of the parties at the commencement of the action, as well as the time when the petition for removal was filed, is sufficiently shown, the jurisdiction of the State court was never divested. Stephen v. Nichols, April 1, 1889, 9 Sup. Ct. R. 518; Jackson v. Allen, October 28, 1889, 10 Sup. Ct. R. 9.

3. The bond offered by plaintiff was not a good, sufficient bond and security for the following reasons:

First, there was no affidavit, no testimony, nothing from which the court could ascertain that the seal affixed to the bond was the seal of the petitioners.

Second, the legal way for a corporation to sign a legal instrument is by the president and secretary signing it and affixing the corporate seal. To authorize a different manner

of signing the instrument, it should appear to the satisfaction of the court that the person who signed the bond was authorized to do so by one of three ways: first, by an express provision in the charter; second, by a by-law; third, by authority expressly given at a meeting of the board of directors. No evidence was presented to the State court authorizing the person to sign it who purported to sign it, or that he was even an officer of the company.

Third, the bond was not verified; there was no evidence that the surety was good and sufficient. After the court decided against the removal, it was too late for the surety to verify. The petitioner tendered a bond which was insufficient. Weed Sewing Machine Co. v. Smith, 71 Ill. 207; McWeeney v. Bruker, 64 Ind. 363; Miller v. Finn, 1 Neb. 270; Arosca v. Garland, 22 Cal. 86; Fitzerdice v. Hayden, 4 Martin (N. S.) 563.

GREEN, P. J. Appellee brought this suit, under the statute, as administrator of the estate of his deceased wife, Louisa Doerr, to recover damages for her death, caused by the defendant's engine striking her, in the city of Alton, December 1, 1889. The jury by their verdict found defendant guilty, and assessed plaintiff's damages at $3,800. Defendant's motion for a new trial was overruled, judgment was entered for plaintiff on the verdict, and defendant took this appeal. The acts of negligence averred in plaintiff's declaration are, that defendant's train was run at a high and dangerous rate of speed, and at a rate greater than ten miles an hour, in violation of the ordinance of said city, and defendant's servants in charge failed to give either of the statutory signals as required by the law; and that defendant kept no flagman or watchman at the crossing where deceased was killed.

Before pleading to the declaration, defendant filed its petition for the removal of the cause to the United States Circuit Court. This petition was objected to by plaintiff, for reasons assigned, and the court refused to grant the prayer thereof, to which decision defendant excepted. Defendant then filed its plea of "not guilty," upon which issue was joined, and the

cause was tried, with the result above stated. The court did not err in denying the petition for removal. It was not alleged therein that plaintiff was a *citizen* of Illinois, but merely that he was a *resident*. The bond offered with the petition was not executed by the president of defendant corporation, nor by one shown to possess authority to execute such instrument for it, or on its behalf. Nor was any affidavit or evidence offered to show the solvency and sufficiency of the surety. On behalf of appellee it is insisted that defendant's motion for a new trial did not particularly specify the grounds relied on, as required by the statute, and plaintiff having objected in writing to said motion for that reason, and the motion being overruled, this court must affirm the judgment. We think the grounds set up in the fourteen written reasons contained in the motion were sufficiently explicit, and the requirement of the statute was fully complied with, and the authorities cited on behalf of appellee under this point in the brief do not support the contention. We have been favored with a very extended and exhaustive review of the facts by the able counsel representing the respective parties in the printed arguments filed herein, but inasmuch as the cause will be tried by another jury, we refrain from commenting on the facts, except to say there was a sharp conflict in the evidence concerning several material points, and particularly the vital question whether the deceased was in the exercise of reasonable care and caution immediately before and at the time she was struck and killed. The reasons requiring us to reverse this judgment will now be briefly stated. The Circuit Court erred in permitting plaintiff to prove, over the objection of defendant, that a watchman was placed at the crossing in question by the defendant, some weeks after the accident. Volbracht, for plaintiff, after testifying, " There was no watchman at the time of accident," was then asked: " Did defendant put a watchman there soon after the accident? " and in answer testified, " They did; they placed a watchmen on Spring street between Second and levee, where the track crosses Spring street. He was placed there the next month. I brought it up at the council meeting." Noble, another wit-

ness for plaintiff, was asked, "What do you know about a watchman being placed at that point?" and in reply testified, "There was no watchman there prior to the middle of December, 1889." He was then asked: "You say there was no watchman there before this accident; how was it after the accident?" and testified in answer, "A watchman was put there after the 1st of December, 1889." All this testimony was objected to and exception duly taken by defendant. In the case cited by appellant, Hodges v. Percival, 132 Ill. Rep. 53, the injury was caused by the falling of an elevator, and evidence was admitted over defendant's objection, to prove that defendant put an air cushion in the elevator shaft after the accident; and while the court says the error, for reasons stated, did not require the reversal of the judgment, yet such evidence was held to have been erroneously admitted, and it said: "We think the testimony was improper and should have been excluded. Evidence of precautions taken after an accident is apt to be interpreted by the jury as an admission of negligence. Evidence is admissible that repairs were made after the accident in certain cases where it is charged that a structure was out of repair, as, for instance, a sidewalk in a municipal corporation, and the condition of the sidewalk at the time of accident is a material question. The best evidence would be proof of its condition at the time, or immediately preceding accident, but proof of its condition shortly after, would be competent to establish its condition at the time of accident." City of Chicago v. Dalle, 115 Ill. 386. The court erred also in refusing to require the jury to return a specific catagorical finding of "Yes" or "No," to plaintiff's third special interrogatory submitted by the court. It appears by the record, that at the time the jury returned their general verdict and special finding upon interrogations submitted, on behalf of the respective parties, and while the jury were in the jury box, and before they were discharged from further consideration of the case, defendant's counsel entered its written motion that—"The court instruct the jury to retire to the jury room and give a definite answer to the third interrogatory asked by plaintiff, to which said jury indefinitely answer 'Don't know,' and

defendant objects to the reception of the general verdict, or
of the answer to said interrogatory until it is definitely
answered." But the court refused to require the jury to further
answer, and defendant excepted.

The third interrogatory was: "Was the deceased, Louisa
Doerr, exercising reasonable care for her own safety at the
time she was killed?" It is true, plaintiff submitted this inter-
rogatory on her behalf, but defendant ought not to have been
precluded from its right to have the jury required to answer
it definitely, without asking it on its behalf. The interroga-
tory called for a finding of an ultimate fact, not a mere evi-
dentiary fact. It was, moreover, a vital material fact whether,
at the time of the accident, the deceased was in the exercise
of reasonable care for her own safety; and this is so, even if
the jury believed from the evidence defendant's train was
running at a greater rate of speed than that permitted by the
ordinance, and hence the burden of proving want of reasona-
ble care by deceased was cast upon defendant. The mere
shifting of the burden of proof for that reason, in a case like
this, does not lessen or affect the materialty of a failure by
deceased to use reasonable care for her own safety under all
the circumstances. This was an imperative duty imposed by
the law, and that she performed it was a material averment
in the declaration which, if untrue, barred the right to recover.
The court having submitted this third interrogatory to the
jury ought to have required the jury to return a categorical
definite answer thereto. The act under which this interroga-
tory was submitted is as follows:

"Sec. 1. In all trials by jury in civil proceedings in this
State in courts of record, the jury may render, in their discre-
tion, either a general or a special verdict; and in every case
in which they render a general verdict, they may be required
by the court, and must be so required on request of any party
to the action, to find specially upon any material question or
questions of fact, which shall be stated to them in writing.

"Sec. 2. Submitting or refusing to submit a question of
fact to the jury, when requested by a party as provided by
the first section hereof, may be excepted to and be reviewed
on appeal or writ of error as a ruling on a question of law."

In the case of C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132, in commenting upon this question submitted to the jury by the court: "Was the deceased exercising reasonable care for his own safety at the time he was killed?" it is said in the opinion: "The ultimate fact which it was incumbent upon the plaintiff to prove, and which the defendant sought to disprove, was that the deceased at the time he was killed, was in the exercise of due care. This was one of the issues made by the pleadings, and it was one of the ultimate facts upon which plaintiff's right to recover necessarily depended." In the case at bar the same ultimate question of fact was submitted to the jury, and the court refused to give the defendant the benefit of the enforcement of this provision of the statute. "And in every case in which they render a general verdict they may be required by the court, and *must be so required* on request of any party to the action *to find specially* upon any material question or questions of fact, which shall be stated to them in writing."

The duty of the court is plainly stated in the clause just quoted. It must require the jury to find specially upon the material question of fact, and we can not hold that duty was performed by accepting the finding "Don't know" as sufficient, and refusing the request of defendant to require the jury to find specially upon the said third interrogatory. Our duty is also prescribed in Sec. 2 of the act. The refusal to submit the question of fact is a ruling on a question of law assigned as error, which this court must review. This error, we think, is well assigned and defendant's rights were, doubtless, prejudiced by the ruling. If the evidence justified a finding that deceased was not in the exercise of reasonable care for her safety at the time she was killed, it was the duty of the jury to so find, and the defendant would be entitled to the benefit of such finding as inconsistent with the general verdict. The jury should not have been permitted to evade this duty and defeat the purpose of the law by returning an evasive answer to the important and material question. In this connection we desire to advert to another error that operated to the prejudice of defendant. Plaintiff's counsel

was permitted by the court to use the following language in the closing argument to the jury: "Your general verdict governs. It is a mere matter of curiosity how you got at it. You may not agree on all these points separately and you have the right and privilege of answering, 'We do not wish to answer,' or 'We do not know about that." You are not, in other words, to tell every way you arrive at your verdict, but the main questions and salient points we have asked you to answer, and that is all there is about it. Your general verdict governs." Defendant's objections to the use of such language was overruled and exception taken. Doubtless this language was not intended to mislead the jury as to their duty, but they probably understood by it they were the sole judges of what were main questions and salient points, and accepted the invitation conveyed by the remarks of counsel, to use their own judgment in answering, instead of obeying the law, with the result that the third interrogatory was practically unanswered. This could have been prevented had the court ruled properly. The third instruction given for plaintiff does not state the law as we understand it. It is as follows: "If the jury believe from the evidence that the crossing at Spring street was a dangerous crossing, then it became the duty of the defendant to use more than ordinary care in running its trains over the same." It may be that great care is required to be exercised by railroads in running its trains over crossings in cities, or when the view of approaching trains is obstructed, in order to avoid accidents, but the measure of care required of them is that ordinary care which a prudent person ought to exercise under all the surrounding circumstances. The eighth instruction given for plaintiff is obnoxious to the objection that it is argumentative and inaccurate, and it ought not to have been given. In our judgment, the errors indicated were of a character that prejudiced the rights of the defendant greatly, and the verdict ought to have been set aside and a new trial awarded. The judgment is reversed and the cause remanded.

*Reversed and remanded.*