# Mary L. Reagan, Appellee, v. Charles A. Borgeson, Appellant.

## Gen. No. 17,006.

1. NEGLIGENCE—*when question for jury.* In an action for personal injuries defendant's negligence and plaintiff's contributory negligence are questions for the jury where plaintiff was struck while crossing a street by defendant's horses and wagon driven by its teamster, the sidewalks were crowded, plaintiff testified that she looked before starting to cross, and that others were crossing at the same time, and there is testimony that the team was going at a fast trot, and that the street was crowded with people, but not with vehicles.

2. INSTRUCTIONS—*directing verdict.* A verdict should be directed for defendant on the ground of contributory negligence only where reasonable minds would agree that the injury was caused by contributory negligence and there is no evidence on which the jury might reasonably find otherwise.

3. TRIAL—*special interrogatories.* In an action for personal injuries a special interrogatory, ."Could the plaintiff have avoided the accident by the exercise of ordinary care for her own safety immediately before and at the time of the accident," is improper since it only instructs the jury to suggest some theory by which the accident might have happened.

4. VERDICTS—*special.* A special interrogatory is not properly answered where ten jurors answered "yes" and two answered "no".

5. VERDICTS—*special.* Where a special interrogatory asking for "yes" or "no" is answered "yes" by ten jurors and "no" by two, it is the duty of the party submitting it to move the court to send the jury back with instructions to answer the question.

6. EVIDENCE—*impeachment of witnesses.* In an action for personal injuries, it is correct to exclude the testimony of one witness as to statements made by another witness, and to rule that the time and place of the averments must be stated.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

HARRIS F. WILLIAMS, for appellant; ELDON M. VO-TAW, of counsel.

JOHN S. STEVENS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit to recover damages for personal injuries, brought by Mary L. Reagan, plaintiff, against Charles A. Borgeson, defendant, who is engaged in the teaming business. She recovered a judgment of $1,000, which we are asked to reverse.

The accident occurred at or near the intersection of State and Monroe streets, in Chicago. The plaintiff was crossing State street from east to west, on the south side of Monroe, on Saturday afternoon, November 16, 1907. She was carrying a child upon her right arm, and was between the westerly street car track and the west sidewalk when the horses and wagon belonging to the defendant, driven by one Henke, employed by the defendant, came from the north and struck the plaintiff. She was thrown down and the front left wheel of the loaded truck ran over her body. She was cut and bruised from her knee to her waist, and afterwards underwent two surgical operations. Her right kidney was removed and found to be crushed. No question is raised as to the extent of the injuries.

It is first contended that the plaintiff was guilty of contributory negligence, and that the court should have instructed the jury to find the defendant not guilty. The testimony shows that State street is ordinarily crowded, both on the sidewalk and in the street, although on the occasion in question the street was crowded with people but not with vehicles. The plaintiff testified that as she started to cross the street she looked both ways but did not see anything; that she was right up on the crossing, although in going across she went a little obliquely; that other people were going across at the same time and that she was right behind quite a number of people; that she had picked up the little girl before crossing and was carrying her on her right arm; that the first she knew of the presence of the wagon was when she was knocked down.

An officer stationed at the westerly crossing of Monroe and State streets, testified that he saw the team before it struck the plaintiff; that it was going south between the west street car track and the sidewalk; that the team was going about nine or ten miles an hour—going at a fast trot—as it crossed Monroe. He further testified that the cross-walk runs from the southeast corner of Monroe and State streets a little towards the southwest to the southwest corner. Other witnesses testified that the sidewalks were crowded; that it was during the Christmas rush and the streets were crowded and vehicles of all kinds were passing.

Under these circumstances the questions of the negligence of the defendant and the contributory negligence of the plaintiff, if any, are peculiarly questions for the jury to determine. In Winn v. C. C. C. & St. L. Ry. Co., 239 Ill. 132, 139, the court said: "It is usually a question of fact for the jury to determine, in view of all the surrounding circumstances, whether failure to look and listen constitutes negligence or lack of due care."

A trial court should only instruct the jury to bring in a verdict for the defendant upon the ground that plaintiff's conduct contributed to the injury, where the facts are clear and of such a character that reasonable minds would agree without dissent that the injury was caused by the plaintiff's contributory negligence, and where there is no evidence upon which the jury could, in the eye of the law, reasonably find otherwise. Such is the law as reported in a long line of decisions in this state. In the case before us it was for the jury to determine the question of negligence, and we cannot say that its conclusion was incorrect.

Upon the trial, upon motion of the defendant, the court required the jury to answer a special interrogatory as follows:

"The jury are instructed to answer the following special interrogatory by writing 'yes' or 'no' beneath the same:

"Could the plaintiff have avoided the accident by the exercise of ordinary care for her own safety immediately before and at the time of the accident?"

When the special verdict was returned it was found that ten jurors had answered it "no" and two had answered it "yes;" and it is urged that this special verdict should control. It is obvious that this special verdict was an improper one, and that the special interrogatory should not have been given. It did nothing more than instruct the jury to suggest some theory by which the accident could have been avoided, whether based on the evidence or outside the evidence. If it had been answered unanimously it would merely have raised an argument on an academic matter. Speculation as to how the accident might have been avoided does not decide the ultimate fact as to whether the plaintiff exercised ordinary care at the time.

A similar special interrogatory was submitted in Nelson v. Richardson, 108 Ill. App. 121, and the court held that such special interrogatory should not have been given, saying: "In Illinois Steel Co. v. Mann, 197 Ill. 186, the court say: 'A question for a special finding should be single and direct and relate to an ultimate and controlling fact in the case, and not to evidentiary facts, or facts from which the ultimate fact may be deducted by reason or argument.' "

It further appears that the jury answered the special interrogatory both ways; that is, it was not answered at all, in which event it was the duty of the party submitting the interrogatory to move the court to send the jury back with instructions to return an answer to the question; this was not done.

In E. J. & E. Ry. Co. v. Raymond, 148 Ill. 241, the court said (p. 251): "If the defendant was not satisfied with an evasive answer, it should have asked to have the jury sent back to their room, under proper instructions, for the purpose of agreeing upon a special finding which should be responsive to the question

put to them. Having failed so to do, the defendant must rest content with the finding as made."

Complaint is made of the ruling of the trial court in refusing to allow the witness Borgeson to testify as to what the witness Walsh had told him concerning the accident; but the ruling of the trial court that the time and place of such alleged averments must be stated was correct.

Finding no error in the record, and the verdict appearing to be supported by the weight of the evidence, the judgment is affirmed.

*Affirmed.*