RENARD KEENE, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 58225;

First District (5th Division)—January 31, 1974.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellant.

Gale L. Marcus, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an action to recover damages for personal injuries suffered by plaintiff as a result of his falling over a chain and pipe barrier separating the sidewalk from the parkway area of Catalpa Street in the City of Chicago. A jury returned a verdict against defendant in the amount of $80,000, and judgment was entered thereon. The sole issue raised by defendant on appeal is that it "is under no duty to provide street lighting and becomes liable for injuries only where it is proved that the city has undertaken to provide lighting and has performed the task negligently." Plaintiff claims that this issue was not raised in defendant's post-trial motion, and moved for dismissal of the appeal. We ordered that the motion be heard with the appeal.

The record indicates that on August 9, 1967, at approximately 9:00 P.M. plaintiff, accompanied by two co-workers, left a construction site at which they were employed. The three men walked side by side down the south side of Catalpa Street. Plaintiff was nearest the street. At 1023 Catalpa Street plaintiff's foot caught the pipe support of a low-hanging chain barrier bordering the sidewalk, causing him to become entangled in the chain. Plaintiff fell over the chain into the parkway, breaking his leg. Although there was some conflict in their testimony,

plaintiff's witnesses agreed that the lighting conditions were so poor that the barrier could not be seen. Prior to the accident plaintiff was employed as the foreman of a crew that erected elevators used in the construction of high-rise buildings. His injuries prevented his continued employment in that capacity.

Plaintiff in his complaint alleged, *inter alia,* that at the time of the accident the street and sidewalk areas were in a "dark, unlighted condition." However, the issue of defendant's duty to provide street lighting was not pleaded by defendant, was not discussed during the course of the trial and no attempt was made by defendant to instruct the jury on this matter.*

*Opinion*

██ █ The Civil Practice Act provides that a post-trial motion after a jury verdict must specify with particularity the grounds on which the moving party relies for relief. (Ill. Rev. Stat. 1971, ch. 110, par. 68.1(2); *Moore v. Jewel Tea Co.,* 116 Ill.App.2d 109, 253 N.E.2d 636, *aff'd* 46 Ill.2d 288.) This rule is grounded on the principle that "[a] trial judge should have an opportunity to appraise the errors which are asserted to have taken place. It is unfair to charge him with errors in a reviewing court without having brought them to his attention so that a new trial could have been granted if he found it advisable." (*Perez v. Baltimore and Ohio R.R. Co.,* 24 Ill.App.2d 204, 210, 164 N.E.2d 209; see also *McEwen v. Walsh,* 96 Ill.App.2d 326, 238 N.E.2d 616.) If a party fails to meet this standard of specificity, the alleged error is waived on appeal. *Moore; Manns v. Stein,* 99 Ill.App.2d 398, 241 N.E.2d 691; *City National Bank & Trust Co. v. Almond,* 42 Ill.App.2d 314, 192 N.E.2d 297.

██ Defendant has argued that the basis of its appeal is the failure of the evidence to prove crucial allegations found in the complaint concerning the lighting conditions at the scene of the accident. It contends that the assertion in its post-trial motion that "[t]here was no evidence that the defendant was guilty of any wrongdoing, or that the same was the proximate cause of plaintiff's injury * * *" preserves this point for review. However, if a post-trial motion fails to indicate with spe-

---

* The jury was instructed pursuant to plaintiff's Jury Instruction No. 25. (See IPI 2d, 20.01, "Issues Made by the Pleadings.") This instruction stated in pertinent part:

"The plaintiff claims he was injured and sustained damage while exercising ordinary care and that the defendant was negligent in one or more of the following respects:

(a) Permitted the erection of a barrier in the parkway, consisting of pipes with chain suspended between them, which constituted an obstruction, dangerous condition or hazard in the nighttime; or alternatively,

(b) Permitted said dangerous barrier to remain in said parkway.

The plaintiff further claims that one or the other of the foregoing was a proximate cause of his injuries."

cificity wherein the complaint does not conform to the proof, a court of review need not consider the issue. (*Eizerman v. Behn*, 9 Ill.App.2d 263, 132 N.E.2d 788.) It is clear that here defendant's general allegation did not meet the rigid requirements of detailed particularity prescribed by the Civil Practice Act and, therefore, plaintiff's motion to dismiss the appeal is granted.**

Appeal dismissed.

SULLIVAN, P. J., and LORENZ, J., concur.

---

** We further note that the evidence supports the judgment for plaintiff on his claim that defendant "permitted said dangerous barrier to remain in said parkway."