ELMORE BUTLER, Plaintiff-Appellee, *v.* JORGE CASTILLO, Defendant-Appellant.

(No. 58425; )

First District (2nd Division)—May 28, 1974.

DOWNING, J., took no part.

Parrillo, Sims and Bresler, of Chicago, for appellant.

C. Gus Kages, of Steinberg, Burtker & Kages, Ltd., of Chicago, for appellee.

PER CURIAM:

Judgment was entered upon a verdict assessing damages for plaintiff and against defendant for injuries which allegedly arose out of a collision involving automobiles operated by the respective parties. Defendant contends on this appeal that the trial court was in error in failing to require the jury to answer a special interrogatory submitted by defendant on the question of plaintiff's freedom from contributory negligence.

The complaint alleged, *inter alia,* that at the time of the mishap the plaintiff was in the exercise of ordinary care for his own safety, which allegation was specifically denied in defendant's answer. Together with the instructions tendered for submission to the jury, the defendant tendered the following special interrogatory:

> "Was the plaintiff, ELMORE BUTLER, before and at the time of the alleged occurrence guilty of contributory negligence which was the proximate cause of his injury?"

The jury returned a general verdict for plaintiff, but failed to answer the special interrogatory. Defendant's post-trial motion to vacate the judgment specifically raised the question whether the trial court was in error

by having failed to require the jury to answer the special interrogatory and by having permitted it to remain unanswered. The post-trial motion was denied, and defendant persists on this appeal in his position adopted in that motion.

Section 65 of the Civil Practice Act provides that a jury must be required, upon request of a party to an action, to find specially on any material questions of fact submitted to them in writing; if the answer to such special interrogatory is in conflict with the jury's general verdict, the former finding will control the latter. (Ill. Rev. Stat. 1973, ch. 110, par. 65.) The question posed by defendant to the jury in the instant special interrogatory involved a matter material to the outcome of this case, the answer to which would clearly have controlled the jury's general verdict if contrary thereto. The correct practice in this instance was for the trial court to have required the jury to answer the special interrogatory. *Consolidated Coal Co. v. Maehl,* 130 Ill. 551, 22 N.E. 715; *Cleveland, C., C. & St. L. Ry. Co. v. Doerr,* 41 Ill.App. 530; Ill. Rev. Stat. 1973, ch. 110, par. 65. See also *Weaver v. Illinois Bell Telephone Co.,* 114 Ill.App.2d 10, 252 N.E.2d 387 (abstract opinion).

Plaintiff's position, that, because the jury was properly instructed on all material issues of the case, it was not necessary for them to have answered the special interrogatory, is without merit; that position ignores the statutory requirement that the jury must answer such interrogatory when properly posed by a party to the action. The cases cited by plaintiff in support of his position are distinguishable: *Ryan v. Chicago & Northwestern Ry. Co.,* 320 Ill.App. 361, 51 N.E.2d 74; *Schmidt v. Blackwell,* 15 Ill.App.3d 190, 304 N.E.2d 113.

For these reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

DOWNING, J., took no part in the consideration or decision of this case.