BLAIR PATUR, Plaintiff-Appellant, *v.* AETNA LIFE & CASUALTY, Defendant-Appellee.

First District (5th Division)    No. 79-1190

Opinion filed November 7, 1980.

Eugene Propp and David V. Schultz, both of Chicago, for appellant.

John H. Bickley, Jr., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal arises out of plaintiff's action to recover compensation allegedly due him upon his termination from employment with defendant, Aetna Life & Casualty. After a trial on the merits, the jury returned a verdict in favor of defendant. Plaintiff requests this court to vacate the judgment and remand the cause for a new trial, contending that: (1) the trial court committed reversible error by submitting the wrong special interrogatory form to the jury, (2) the court further erred by not requiring the jury to answer the special interrogatory, and (3) defense counsel's closing argument was so prejudicial as to deprive plaintiff of a fair trial. We affirm the trial court's judgment.

The merits of plaintiff's action are not at issue. Rather, plaintiff objects to alleged procedural irregularities which purportedly deprived him of a fair trial. The underlying facts thus may be stated briefly.

Patur, a certified life underwriter, began working for defendant on November 1, 1971. He was hired to supervise sales with the insurance brokers and agents to promote Aetna's products. Along with a salary and certain other benefits, he received incentive payments based on the commissions of the brokers he was servicing.

In January of 1972, a new compensation plan was initiated. Patur received a copy of the new plan and was present at the meeting in which the payment plan was discussed. The plan document contained the statement that "incentive payments will not be vested, but in the event of termination, will be paid only for the period of time that the base salary and temporary support is paid." Testimony at the trial revealed that these

incentive payments, amounting to 30% of the brokers' commissions, were not tantamount to commissions in themselves, but merely a device the company used to determine what a particular supervisor would be paid for future time periods.

In a letter dated March 17, 1975, plaintiff submitted his resignation, effective April 1, 1975. Plaintiff claimed a right to $14,300, based on the incentive payment percentage. He was informed that he was not entitled to this amount, and thereafter brought suit to recover it.

At the close of all the evidence, plaintiff submitted a special interrogatory to be given to the jury. The form provided:

"The Jury will answer the following special interrogatory by writing in the blank space the word 'yes' of 'no' as the Jury may find from the evidence.

Was the failure of the Defendant to make payment to plaintiff as charged in the Complaint a wilful and arbitrary refusal?"

The parties agreed to substitute the words "unreasonable and vexatious" for "wilful and arbitrary." The interrogatory as revised was then read to the jury. However, it was later discovered that the jury had been given the original version in written form.

The jury returned its verdict in favor of defendant but failed to answer the special interrogatory. Subsequently, the trial court denied plaintiff's post-trial motion for judgment notwithstanding the verdict, or for a new trial.

OPINION

■■ Plaintiff first contends that the trial court committed reversible error by submitting the wrong version of the special interrogatory. We disagree. Initially, we note that plaintiff raises this issue for the first time on appeal. He did not include this objection in the post-trial motion as required by section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2)). That section provides, in relevant part, that "[t]he post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof * * * ." A reason behind this rule is to provide the trial judge the opportunity to appraise alleged errors in considering the need for a new trial. (*Keene v. City of Chicago* (1974), 17 Ill. App. 3d 464, 308 N.E.2d 244.) Accordingly, the appellate court will not generally review objections not properly preserved in the post-trial motion. Supreme Court Rule 366(b)(2)(iii) (Ill. Rev. Stat. 1979, ch. 110A, par. 366(b)(2)(iii)); see *Delany v. Badame* (1971), 49 Ill. 2d 168, 274 N.E.2d 353.

■■ In response to the waiver issue, however, plaintiff asserts that "special circumstances" exist. He claims that he did not discover the problem because it was

" * * * not until [he] had reviewed the entire record in the preparation of his appellate brief that a comparison could be made between the interrogatory tendered, modified and then accepted by the trial court and the one submitted to the jury in writing which was returned unanswered. During the charge to the jury, Plaintiff's counsel heard the trial judge read the correct (agreed upon) interrogatory to the jury. There is no way he could have presumed that the court would have erred ministerially by submitting the wrong form to the jury."

■■ We are not persuaded by plaintiff's argument. He could have inspected the special interrogatory at the time the verdict was returned, or otherwise ascertained the result. Further, he had at least 30 days to discover the alleged error before filing the post-trial motion. (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(3).) We therefore hold that plaintiff waived the right to challenge the discrepancy between the stipulated version of the interrogatory and the actual form submitted to the jury. Yet, even apart from the waiver issue, we believe that the substitution of "wilful and arbitrary" for "unreasonable and vexatious" at most would constitute harmless error because the two phrases carry the same general connotations.

■■ Plaintiff's second objection involving the special interrogatory raises the question of whether the trial court had a mandatory duty, on its own motion, to send the jury back to answer the interrogatory. Again, we note the possibility that this issue has been waived. Plaintiff should have made a timely request upon the trial court to require that the jurors answer the interrogatory. (*E.g., Reagan v. Borgeson* (1912), 173 Ill. App. 100, 103-04.) However, the parties had stipulated that the trial judge, in the absence of the attorneys, could receive the verdict, inform the attorneys of the result, and allow the jury to separate. Although defendant views the stipulation itself as a waiver, plaintiff contends that the ultimate responsibility for the jury's completion of an interrogatory rests with the trial judge; accordingly, the waiver concept is inapplicable.

To answer this question it is necessary to review the pertinent law. Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 65) provides in pertinent part:

"The jury * * * must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. * * * When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly."

A special interrogatory operates as a check on jury deliberations by requiring a jury to determine a particular issue of ultimate fact. (*Beverly Bank v. Penn Central Co.* (1974), 21 Ill. App. 3d 77, 82, 315 N.E.2d 110,

114.) Whether the interrogatory involves an ultimate fact depends upon its effect on the issue which the jury is required to resolve; the ultimate fact must be one that controls the general verdict. (*Department of Transportation v. Bryant* (1978), 63 Ill. App. 3d 483, 488, 380 N.E.2d 464, 469.) Consequently, if a special finding is absolutely irreconcilable with the general verdict, judgment is properly entered upon the special finding. (See *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453.) Courts are reluctant, however, to set aside a general verdict (*Packard v. Kennedy* (1955), 4 Ill. App. 2d 177, 186, 124 N.E.2d 55, 60), unless the special findings exclude every reasonable hypothesis consistent with the general verdict. See *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 1019, 278 N.E.2d 453, 455.

Under these principles, the jury's failure to answer plaintiff's special interrogatory becomes significant only if *any* response to the interrogatory would be irreconcilable with the general verdict. Plaintiff asserts that an affirmative answer to the question posed would have compelled the court to enter judgment against defendant, despite the general verdict.

We find plaintiff's argument to be erroneous. The ultimate issue at trial was whether defendant owed plaintiff certain payments; the jury's determination that plaintiff had no right to the money renders irrelevant the question of defendant's "wilful and arbitrary" refusal to pay.[1] Plaintiff's reliance on *Butler v. Castillo* (1974), 20 Ill. App. 3d 329, 314 N.E.2d 328, to support his argument is misplaced. In *Butler*, a personal injury action, defendant submitted a special interrogatory concerning contributory negligence. The jury returned a verdict in favor of plaintiff without answering the special interrogatory. On appeal, defendant challenged the trial court's failure to obtain the jury's response to the interrogatory. Noting that defendant's post-trial motion to vacate the judgment had specifically raised this question, the court reversed, holding:

> "The question posed by defendant to the jury in the instant special interrogatory involved a matter material to the outcome of this case, the answer to which would clearly have controlled the jury's general verdict if contrary thereto. The correct practice in this instance was for the trial court to have required the jury to answer the special interrogatory. [Citations.]" 20 Ill. App. 3d 329, 330, 314 N.E.2d 328, 329-30.

In sharp contrast to the *Butler* facts, the circumstances of the instant case indicate that neither an affirmative nor negative answer to the special interrogatory would have conflicted with the general verdict. In

---

[1] The substitution of plaintiff's preferred phrase, "vexatious and unreasonable" would not change the result. Once the jury determined that defendant had no legal obligation to pay the disputed sum, it simply does not matter how the refusal to pay is characterized.

*Butler,* an affirmative answer to defendant's question regarding plaintiff's contributory negligence clearly would have contradicted a verdict in favor of plaintiff, because contributory negligence generally is a complete bar to recovery. (*Verdonck v. Freeding* (1977), 56 Ill. App. 3d 575, 579, 371 N.E.2d 1109, 1113.) In the instant case, however, defendant was found to have no duty to pay plaintiff and therefore defendant's alleged "wilfulness" or "arbitrariness" has no legal significance.[2]

In view of these considerations, we hold that plaintiff's special interrogatory did not involve an ultimate fact and therefore could not have controlled the general verdict. Consequently, we conclude that the interrogatory was improperly submitted to the jury. (See *Gasbarra v. St. James Hospital* (1979), 85 Ill. App. 3d 32, 38, 406 N.E.2d 544.)[3] In effect, then, the interrogatory was a nullity; the jurors appropriately ignored it. We need not address the broader issue of whether, as a matter of law, a trial court commits reversible error by entering a general verdict without requiring a jury to answer a *proper* special interrogatory. We conclude only that, for the reasons set forth above, the trial court had no duty in this case to procure the jury's answer to plaintiff's interrogatory.

Plaintiff's final basis for appeal involves the defendant's closing arguments. Plaintiff enumerated several instances of defendant's alleged inflammatory, prejudicial remarks. In essence, plaintiff charges that opposing counsel improperly (1) injected his personal opinions, (2) attributed unfounded motives to plaintiff, and (3) commented unfairly on plaintiff's failure to produce a certain witness to testify.

After reviewing the challenged remarks, we find plaintiff's contention to be wholly without merit. Defense counsel's comments included the following:

(1) "I don't believe that the conduct of this company has been frivolous or harassing in nature in its refusal to pay * * * plaintiff. * * * I believe that Mr. Patur honestly believes that he is entitled to that money.

* * *

(2) [Plaintiff] needed the money to buy the executive position in

---

[2] One paragraph of the complaint alleges that "the failure of the Defendant to make such payment is a willful arbitrary refusal to make payments for which interest at the statutory rate should be assessed against Defendant." It appears that plaintiff's true purpose in submitting the interrogatory, thus, was to raise this collateral issue of statutory interest, which could have been considered only upon the preliminary finding of liability.

[3] That the interrogatory should not have been given is not in itself reversible error, however, as long as plaintiff's rights were not prejudiced and the jury was not confused. (*Gasbarra,* 85 Ill. App. 3d 32, 39, 406 N.E.2d 544, 550.) Of course, since plaintiff is the party who submitted the interrogatory, he could not challenge it now as being prejudicial.

the insurance agency. And you bet your life he was counting on that money to take that executive position in the insurance company. * * *

* * *

(3) Mr. Propp could have called Mr. Kendrick [a witness]. * * * He had the first chance. * * * Why didn't he bring Mr. Kendrick in here? Why did I have to do it * * * [if] Mr. Kendrick was going to support Mr. Patur's position? It's a good common sense question which you should ask yourselves."

Far from being "grossly improper and unfair" argument, as plaintiff contends, we find these remarks to be within the realm of reasonable comment upon the evidence. Substantial latitude is given attorneys in their closing arguments to the jury. (See, *e.g.*, *Forslund v. Chicago Transit Authority* (1956), 9 Ill. App. 2d 290, 132 N.E.2d 801; *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 305 N.E.2d 617.) Even if the remarks were not deemed entirely appropriate, they are not so prejudicial as to require reversal. (See *Goldstein*, 16 Ill. App. 3d 89, 94, 305 N.E.2d 617, 622.) Moreover, defendant cites instances from the transcript in which plaintiff's counsel made similar remarks. In *Goldstein*, 16 Ill. App. 3d 89, 94, 305 N.E.2d 617, 622, the court noted that "[t]he latitude of permissible remarks may be wider when these remarks are made in response to direct remarks of opposing counsel [citation], and in urging conclusions counsel should be accorded broad latitude."

■■ Turning to the three challenged comments, we find that none constitutes reversible error. The first statement, defense counsel's "beliefs," was not unduly prejudicial because closing arguments are meant to explain to the jury what each side believes the evidence to prove. Moreover, plaintiff's counsel made similar remarks concerning his own opinion, and cannot logically impugn defense counsel's statement on that basis. The second comment, purportedly improper speculation as to plaintiff's motive, was objected to at trial and stricken from the record by the trial court. Hence, plaintiff suffered no prejudice from this remark either. The third comment, regarding plaintiff's failure to call a particular witness, was perhaps inappropriate in light of the fact that the witness did testify in court and the jury was free to draw its own inferences from the witness' testimony. Thus, it is not truly relevant which party called the witness to testify. Defendant's comment on this point, however, cannot be reasonably construed as inflammatory or grossly unfair. As a final consideration, our review of the transcript reveals that the trial judge in this case properly admonished the jury, before closing arguments began, that the attorneys' remarks were not to be considered evidential in nature. We find no merit to the contention that the challenged remarks, separately or cumulatively, prejudiced plaintiff's right to a fair trial.

For the foregoing reasons we affirm the lower court's judgment.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.