LAURA WASHINGTON, Plaintiff-Appellee, v. CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 87—3310

Opinion filed January 24, 1989.

Joyce A. Hughes, of Chicago Transit Authority, and William G. Clark, Jr., & Associates, Ltd., both of Chicago (William G. Clark, Jr., and Ilene Davidson Johnson, of counsel), for appellants.

Alvin R. Becker and Howard A. London, both of Beermann, Swerdlove, Woloshin, Barezky & Berkson, and Ronald M. Gonsky, Ltd., both of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendants, Chicago Transit Authority (hereinafter CTA) and Roosevelt Montgomery, appeal from an adverse jury verdict and judgment in the sum of $115,000 plus costs in favor of the plaintiff.

On December 3, 1980, plaintiff boarded a CTA bus operated by CTA employee defendant Montgomery. The CTA is a common carrier of passengers for hire in the City of Chicago. Immediately after boarding the bus and paying her fare, and before she had a chance to be seated, the bus made a sudden movement, then stopped abruptly. This caused the plaintiff to be knocked down, fall out of the bus, and sustain personal injuries.

Plaintiff was the only occurrence witness that testified at trial. The driver did not testify.

Although defendants raised a series of alleged errors, they seek a reversal and new trial principally because: (1) the trial court improperly granted plaintiff's motion to file a late jury demand; (2) defendants' motion for a continuance was improperly denied; (4) closing argument by plaintiff's counsel was prejudicial; (5) the trial court erred in denying defendants' motions for directed verdict and for a judg-

ment notwithstanding the verdict; and (6) the cumulative effect of other errors resulted in an unfair trial.

## I

Defendants urge reversal because the order of the trial court permitting plaintiff to file a late jury demand was prejudicial to defendants. On May 6, 1981, plaintiff commenced this action without a request for a jury trial. On June 1, 1981, defendant CTA filed its appearance and jury demand. After discovery of the identity of the bus driver, plaintiff added Montgomery as a defendant. On August 29, 1981, Montgomery filed his appearance and jury demand. Thus, both defendants complied with section 2—1105(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1105(a) (formerly Ill. Rev. Stat. 1979, ch. 110, par. 64(1))). Plaintiff's case then took its place on the Cook County law jury calendar rather than the law nonjury calendar.

Defendants claim that they indicated an intention to withdraw their jury demand in 1985. However, this intention was never executed. In fact, after this alleged intent was to have been indicated, new trial counsel entered the case for both defendants on August 16, 1985. New counsel filed an appearance and jury demand for both defendants. Thus, rather than completing the alleged intent to withdraw defendants' jury demand, new counsel actually reaffirmed defendants' initial demand for a jury trial. The case remained on the law jury calendar.

Approximately two years later, on the eve of trial, defendants withdrew their jury demand. Thereupon, the trial court granted plaintiff's motion for leave to file a late jury demand *instanter*.

Section 2—1105(a) of the Code of Civil Procedure does not deal with the right of the plaintiff who did not initially demand a jury to be able to file a late jury demand after the defendant withdraws a timely demand. However, this issue was addressed by our supreme court in *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201. *Hernandez* was a personal injury case filed in the circuit court of Cook County. Plaintiff did not initially demand a trial by jury, but defendant did so when it filed its answer. Four years later, and immediately before trial, defendant withdrew its jury demand. Plaintiff, who was taken by surprise, sought leave to file his own jury demand without articulating any grounds therefor. The trial court denied the motion. The appellate court, however, reversed, and that decision was affirmed by the supreme court, thereby allowing plaintiff to file a late jury demand.

The supreme court explained that the delay suffered by the plaintiff as a result of defendant's jury demand constituted good cause for granting plaintiff's late jury demand:

"Plaintiff points out, and we take judicial notice of the fact, that a plaintiff who desires a jury trial in the circuit court of Cook County must wait approximately two years longer than those willing to have a bench trial. A plaintiff is thus faced with two mutually exclusive alternatives. He may obtain the benefit of a more prompt adjudication through a bench trial if he is willing to waive his right to jury trial, or he may opt for a jury trial and thereby relinquish any possibility of a more prompt adjudication. Each alternative presents considerations that are attractive to the personal injury plaintiff. Through a bench trial the plaintiff may recover damages sooner than he might if he chose a jury trial, but in a jury trial the plaintiff might enlist the sympathies of the jurors and improve his chances of recovery.

The appellate court agreed with plaintiff's analysis, holding that plaintiff's demand for a jury trial should have been granted. The court pointed out that plaintiff, because of the defendant's jury demand, had already lost the benefit of an early adjudication, and that a denial of the demand would deprive plaintiff of the advantage of a jury trial as well. [Citations.] We agree that this element of unfairness constitutes good cause for granting plaintiff's late jury demand and that, under the facts of this case, the trial judge abused his discretion in denying plaintiff's demand." 73 Ill. 2d at 96-97.

Accord *GNP Commodities, Inc. v. Walsh Heffernan Co.* (1981), 95 Ill. App. 3d 966, 420 N.E.2d 659 (the trial court properly allowed plaintiff to file a jury demand five years after its complaint was filed upon the withdrawal of defendant's jury demand); *Lebovitz v. Cahill* (1979), 69 Ill. App. 3d 614, 387 N.E.2d 943 (the trial court abused its discretion in denying plaintiff leave to file a late jury demand where the defendant filed a demand with its answer but withdrew its jury demand when the case was assigned for trial almost three years later).

In *Hernandez*, the prospective jurors were in the courtroom when the defendant withdrew its jury demand, while in the instant case, defendants withdrew their jury demand four days before the commencement of the trial. Defendants argue that *Hernandez* was decided on its own special facts and that this factual distinction renders *Hernandez* inapplicable and results in an abuse of discretion by the trial court. We disagree.

The case at bar is analogous to *Hernandez*, where the defendant gained the benefit of a four-year delay in trial because of its jury demand. Here defendants gained a delay of six years. Plaintiff was deprived of an early adjudication by the defendants' action. This disadvantage is not rectified because the defendants withdrew their jury demand four days before trial rather than on the day of trial, while the prospective jurors are in the courtroom. After six years, the difference of four days is not significant. Thus, as in *Hernandez*, the plaintiff "had already lost the benefit of an early adjudication, and *** a denial of the [late jury] demand would deprive plaintiff of the advantage of a jury trial as well. [Citations.] We agree that this element of unfairness constitutes good cause for granting plaintiff's late jury demand ***." 73 Ill. 2d at 97.

*Hernandez* did not create a *per se* rule granting a plaintiff who did not ask for a jury initially the right to obtain a jury trial after the defendant withdraws his timely jury demand. We do not invoke a *per se* rule here, either. Our determination is based "upon the facts of this case."

Defendants contend that they were initially disposed to demand a jury trial because they did not believe that plaintiff incurred any serious injuries. When defendants discovered that plaintiff had a stroke for which she would seek damages against them, they reconsidered their decision to submit the case to a jury. Believing that the sight of the plaintiff confined to a wheelchair would influence a jury against them, defendants claim that they promptly withdrew their jury demand.

■ The record does not support this argument. In 1982, in response to interrogatories, plaintiff disclosed that she suffered a stroke and advised defendants she did not rule out a claim for damages related to the stroke. Then in 1984, plaintiff, in response to interrogatories, actually claimed damages because the accident proximately caused her stroke. On August 16, 1985, when new trial counsel entered the case on behalf of the defendants, the jury demand was reasserted. If defendants were actually concerned about possible jury prejudice, they could have withdrawn their demand as early as 1982, when the possibility of a claim for the stroke surfaced, or in 1984 when the claim was actually asserted. The appearance of new trial counsel in 1985 is a clear expression of defendants' attempt to gain the benefits of a delayed trial by keeping the case on the jury calendar.

Thus, it was the plaintiff, rather than the defendants, that was prejudiced. Had defendants made their jury withdrawal in 1982 or

1984, plaintiff could have had a speedier nonjury trial. By delaying withdrawal until the eve of trial in 1987, defendants succeeded in causing the plaintiff to lose "the benefit of an early adjudication, and that a denial of the demand would deprive plaintiff of the advantage of a jury trial as well." *Hernandez*, 73 Ill. 2d at 97.

The cases cited by defendants from other districts are not relevant here because of the admitted difference in jury trial calendars in Cook County.

We therefore conclude that granting plaintiff leave to file a late jury demand, under the facts of this case, did not prejudice the defendants and did not constitute an abuse of discretion by the trial court.

## II

■ Defendants contend that the trial court erred in proceeding with the trial in the absence of defendant Montgomery, the driver of the bus. A motion and affidavit pursuant to Supreme Court Rule 231 was not submitted on behalf of either defendant. (87 Ill. 2d R. 231.) Although the court delayed the trial for several days to accommodate counsel for defendants, there are no specific facts in the record as to the reasons for the driver's absence other than counsel's representation that he was attending a funeral out of the city.

Under the facts of this case, the trial court properly denied defense counsel's request for a further delay of trial.

## III

Defendants claim that the damages in the sum of $115,000 awarded to the plaintiff are excessive and, therefore, seek a new trial or remittitur.

At the time of the accident, plaintiff was 67 years old and employed as a part-time nurse's aid. It is undisputed that prior to the accident plaintiff was suffering from arteriosclerosis, and that after the accident, she sustained a stroke. However, there was conflicting medical evidence as to whether the accident might or could have been the cause of plaintiff's stroke. Plaintiff's expert testified that the accident could have aggravated the preexisting arteriosclerosis and precipitated the stroke. Defendants' expert disagreed. The jury resolved the conflict in favor of plaintiff.

■ A doctor's expert opinion as to causation does not have to be based on absolute certainty. (*Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 395, 398 N.E.2d 382, *appeal denied* (1980), 79 Ill. 2d 634.) The weight and sufficiency of expert opinion testimony as to

causation of an injury is "peculiarly within the province of the trier of fact to decide." *Fuery v. Rego Co.* (1979), 71 Ill. App. 3d 739, 745, 390 N.E.2d 97, *appeal denied* (1979), 79 Ill. 2d 611.

■ The record shows that prior to the accident, plaintiff was in reasonably good health for a person of her age and circumstances. Since the accident, she cannot work, requires a wheelchair, and cannot walk without assistance. As a result of defendants' negligence, she incurred substantial medical bills and special damages; has and is undergoing considerable pain and suffering; and is almost totally disabled. Under these circumstances, a verdict of $115,000 is not so large as to "shock the judicial conscience" and require a reversal or remittitur. *Buczyna v. Cuomo & Son Cartage Co.* (1986), 146 Ill. App. 3d 404, 496 N.E.2d 1116, *appeal denied* (1986), 113 Ill. 2d 558.

We therefore conclude that based on the record, the verdict is proper.

## IV

Defendants claim that the closing argument of plaintiff's counsel was prejudicial because it made several references to the absence of defendant Montgomery.

■ Defendants denied that they were guilty of negligence and alleged that plaintiff was contributorily negligent. Plaintiff had every right to argue, in general, that they failed to meet their burden of proving contributory negligence and, in particular, that defendant Montgomery did not meet his burden of proof since he did not testify. Plaintiff's argument was directed at defendants' lack of evidence in support of their defense.

The remarks were neither improper nor prejudicial. Attorneys are given substantial latitude in their closing arguments to the jury. (*Patur v. Aetna Life & Casualty* (1980), 90 Ill. App. 3d 464, 470, 413 N.E.2d 65.) A reviewing court must consider the trial as a whole to determine if a party's rights have been substantially prejudiced by his opponent's argument to the jury. See *Nowakowski v. Hoppe Tire Co.* (1976), 39 Ill. App. 3d 155, 349 N.E.2d 578.

## V

■ Defendants argue that the trial court erred in denying their motions for directed verdict and for a judgment notwithstanding the verdict.

A directed verdict or a judgment notwithstanding the verdict may be granted only when all of the evidence and any reasonable inferences therefrom, when viewed most favorably to the opponent, so

overwhelmingly favor the movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

From our review of the record, we conclude that the verdict was based on the jury's acceptance of the plaintiff's evidence as to liability and the cause of the stroke. Viewing the evidence most favorably toward the plaintiff, as required by *Pedrick*, the trial court properly denied defendants' motions.

## VI

It is not necessary for us to prolong this opinion further to comment on other alleged errors cited by the defendants. We have considered the points and conclude that the arguments neither individually nor cumulatively resulted in an unfair trial for the defendants.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.